United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA WREN, ET AL., | No. C-06-5778 JCS |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT** [Docket No. 33] |
| v. | |
| RGIS INVENTORY SPECIALISTS, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiffs filed a Motion for Order Granting Leave to Amend Plaintiffs' First Amended Complaint ("the Motion"). The Court finds the Motion suitable for decision without oral argument. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II.   BACKGROUND[1]

On November 1, 2006, Defendant brought a motion to dismiss in this action. On December 29, 2006 – after the motion to dismiss had been fully briefed but prior to oral argument on that motion – Plaintiffs filed the instant motion, seeking to amend their complaint by adding a claim under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.* In particular, Plaintiffs' Proposed Second Amended Complaint includes a PAGA claim based on the violations alleged in Claims One through Eleven of their complaint, that is, all of the California state law claims.

Under PAGA, employees may sue for civil penalties that previously could be recovered only by the Labor and Workforce Development Agency ("LWDA") so long as they meet the statute's

---

[1] Because the facts of this case were set forth in detail in the Court's Order of January 30, 2007, only a brief overview of the facts is provided here.

exhaustion requirements. Cal. Lab. Code § 2699(a). Employees who recover such penalties may retain only 25% of the penalties, with the remaining 75% going to the LWDA. Cal. Lab. Code § 2699(i). Aggrieved employees who seek civil penalties under PAGA as "private attorneys general" may also seek to recover statutory penalties for Labor Code violations that were available to employees prior to the adoption of PAGA. *See Dunlap v. Superior Court*, 142 Cal. App. 4th 330, 339 (2006) (explaining distinction between "a request for statutory penalties provided by the Labor Code for employer wage and hour violations, which were recoverable by employees well before the [PAG] Act became part of the Labor Code, and a demand for 'civil penalties,' previously enforceable only by the State's labor law enforcement agencies"). With respect to such penalties, no exhaustion is required. *Id*.

In the Motion, Plaintiffs assert that they have now exhausted their state administrative remedies under PAGA and therefore, should be permitted to add a claim under that statute. In particular, on September 27, 2006, Plaintiffs' counsel sent a letter to the LWDA notifying it of the following alleged violations of California Law: 1) rest and meal period violations (Cal. Labor Code §§ 226.7, 510 and 512); 2) late pay violations (Cal. Labor Code § 204); 3) minimum wage violations (Cal. Labor Code §§ 500, 510, 1194, 1194.2 and 1197); 4) overtime pay violations (Cal. Labor Code §§ 226, 500, 510 and 1194); 5) itemized wage statement violations (Cal. Labor Code § 226). Declaration of Bonnie MacFarlane in Support of Motion for Order Granting Leave to Amend Plaintiffs' First Amended Complaint ("MacFarlane Decl."), Ex. A. Copies of this letter were sent to RGIS and its agent for service of process, Paracorp Corporation, both of which were listed in the heading of the letter. *Id*. On November 1, 2006, the LWDA sent a letter to Plaintiffs' counsel, Bonnie MacFarlane, stating that it did not intend to investigate Plaintiffs' claims. *Id*., Ex. B. In its letter, the LWDA expressly referenced Plaintiffs' letter "postmarked September 27, 2006." *Id*. It also listed the employees as "Trisha Wren et al." *Id*. However, in an apparent clerical error, it referred to the *employer* as Paracorp Corp. *Id*. On December 29, 2006, Plaintiffs' counsel faxed a letter to the LWDA requesting that it issue a new letter listing the correct employer. *Id*., Ex. C. In the letter, Plaintiffs' counsel referred to a conversation with an Agency employee in which the employee "stated that [the Agency] knows that [Plaintiffs] wish to pursue claims under the

California Labor Code § 2699 et. seq. against RGIS Inventory Specialists dba in California as RGIS Inventory Specialist LLC not its agent for service of process Paracorp Incorporated." *Id.*

In their Opposition, Defendants objected to the Motion on two grounds. First, they pointed out that Plaintiffs' proposed Second Amended Complaint includes claims that the Court dismissed in its January 30, 2007 Order.[2] Second, they asserted that Plaintiffs had not adequately exhausted their state law remedies because the letter that was sent to Plaintiffs by the LWDA listed Paracorp Inc. as the employer rather than RGIS.

Plaintiffs provided a corrected letter from the LWDA, dated January 26, 2007, in support of their Reply brief. *See* Declaration of Bonnie MacFarlane in Support of Reply ("MacFarlane Reply Decl."), Ex. A. On that basis, they assert that Defendant's objections are now moot and incorrect. Plaintiffs did not address Defendant's argument that the Motion should be denied because the proposed Second Amended Complaint contained claims that had been dismissed.

### III. ANALYSIS

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Here, the Court concludes that leave to amend to assert a claim under PAGA is in the interest of justice, at least as to the alleged labor code violations that were raised in Plaintiffs' September 27, 2006 letter.

Under PAGA, prior to commencing a civil action, a plaintiff is required to "give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated." Cal. Lab. Code § 2699.3(a). The plaintiff may initiate a civil action once either of the following conditions are met: 1) the Agency notifies the plaintiff, within 30 days of receipt of the plaintiff's letter, that it does not intend to investigate the allegations; or 2) the Agency fails to send notice to the plaintiff within 33 calendar days of the postmark on the plaintiff's letter to the Agency. Here, Plaintiffs received notice within 30 days that the Agency did not intend to investigate. To the extent there was any question

---

[2] Although at the time RGIS filed its Opposition the Court had not yet filed its order dismissing these claims, the Court made clear at the January 12, 2006 hearing that it intended to dismiss some of Plaintiffs' claims.

1  regarding the sufficiency of that notice, the corrected notice resolved that issue.  Therefore, Plaintiffs
2  have met PAGA's exhaustion requirements as to the Labor Code violations alleged in Plaintiffs'
3  September 27, 2006 letter.[3]
4       The Court notes, however, that Plaintiffs' proposed Second Amended Complaint is deficient
5  in two respects.  First, Plaintiffs' PAGA claim refers to Claims One through Eleven and thus appears
6  to encompass not only Labor Code violations but also common law claims, for which no civil
7  statutory penalties are available.  Plaintiffs should revise their complaint to make clear that their
8  PAGA claim is based only on the alleged Labor Code violations.  Second, because Plaintiffs drafted
9  their proposed Second Amended Complaint prior to this Court's ruling on Defendants' motion to
10  dismiss, it contains claims that have now been dismissed.  Accordingly, Plaintiffs will be required to
11  revise their Second Amended Complaint to reflect the Court's ruling in its January 30, 2007 Order.

## IV.  CONCLUSION

     Plaintiffs' Motion is GRANTED to the extent that they seek to assert a claim under PAGA based on Claims One through Seven of the First Amended Complaint.  Plaintiffs' Motion is DENIED to the extent their proposed Second Amended Complaint relies on Claims Eight through Eleven as a basis for their PAGA claim and includes claims that have now been dismissed. Plaintiffs shall be permitted to file a **revised Second Amended Complaint** in which: 1) all dismissed claims have been removed; and 2) the PAGA claim reflects that it is based *only* on the California Labor Code violations alleged in Claims One through Seven.

     IT IS SO ORDERED.

Dated: February 9, 2007

                                                                                                    JOSEPH C. SPERO
                                                                                                    United States Magistrate Judge

---

[3] Although the Court has found no case that is directly on point, it notes that in general, state law exhaustion requirements have been found under the *Erie* doctrine to apply in cases where federal courts exercise diversity jurisdiction over state law claims. See *White v. Lavigne*, 741 F.2d 229, 230 (8th Cir. 1984) (holding that "[t]o waive the [state law] exhaustion requirements . . . for plaintiffs suing in diversity would contravene the policies underlying the *Erie* doctrine"). The Court need not decide that issue here but rather, assumes that the state law exhaustion requirement in PAGA applies in federal court for the purposes of this motion.