1   CHERYL D. ORR (State Bar No. 143196)
    HEATHER M. SAGER (State Bar No. 186566)
2   SUSAN B. BURR (State Bar No. 104269)
    S. FEY EPLING (State Bar No. 190025)
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, California  94105-2235
    Telephone: (415) 591-7500
5   Facsimile:  (415) 591-7510
    E-mail: cheryl.orr@dbr.com
6           heather.sager@dbr.com
            susan.burr@dbr.com
7           sfepling@dbr.com

8   Attorneys for Defendant
    RGIS, LLC (erroneously sued herein as
9   RGIS INVENTORY SPECIALISTS, INC.)

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14  TRISHA WREN, ET AL.,                  Case No. 3:06-cv-5778 (JCS)

15              Plaintiffs,

16      v.                                **DEFENDANT RGIS, LLC.'S RESPONSE
                                          TO OBJECTIONS TO DEFENDANT'S
17  RGIS INVENTORY SPECIALISTS, INC.,     EVIDENCE SUBMITTED ON REPLY IN
                                          SUPPORT OF DEFENDANT'S MOTION
18              Defendant.                TO DECERTIFY COLLECTION ACTION**

19                                        Date:   January 9, 2009
                                          Time:  9:30 a.m.
20                                        Place:  Courtroom A, 15th Floor

21                                        Honorable Joseph C. Spero

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED ON REPLY I/S/O
DEFENDANT'S MOTION TO DECERTIFY COLLECTION ACTION

SF01/ 618458.2

1   Defendant hereby responds to Plaintiffs' Objections to Defendant's Evidence Submitted

2   on Reply in Support of Defendant's Motion to Decertify Collection Action. (*See* Dkt. 662).

3   **I.   DECLARATION OF SUSAN B. BURR**

4   Plaintiffs object to portions of the Burr Declaration on the grounds that it violates Civil

5   Local Rule 7-5(b) and Federal Rule of Civil Procedure 56(e).  Plaintiffs essentially argue that

6   portions of the declaration fail to comply with both rules because they do not "avoid conclusion

7   and argument" and are not "made on personal knowledge."   Interestingly, Plaintiffs cite to no

8   Federal Rules of Evidence as grounds for excluding any portion of this declaration.

9   These evidentiary objections are without merit.  No part of the declaration runs afoul of

10  any federal rules.  In fact, Plaintiffs have considerable temerity in proffering these evidentiary

11  objections, as the Burr Declaration is nearly identical in form to the Declaration of Nancy Park

12  Plaintiffs submitted with their response brief.  (*See* Dkt. 611).

13  **A.    Argumentative Headings**

14  The headings in the Burr Declaration mirror the Park declaration's headings.  For

15  example, the first three headings in the Park Declaration are: (A) All auditors perform the same

16  job duties and use the same equipment; (B) RGIS is centralized and hierarchical; and (C) All

17  auditors, assistant team leaders and team leaders are subject to the same written policies and

18  procedures.  The corresponding headings in the Burr Declaration are: (A) Response to Section A:

19  All auditors perform the same job duties and use the same equipment; (B) Response to Section B:

20  RGIS is centralized and hierarchical; and (C) Response to Section C: All auditors, assistant team

21  leaders and team leaders are subject to the same written policies and procedures.

22  The headings in the Burr Declaration should not be stricken as they are directly responsive

23  to the headings in the Park Declaration and are merely summarizing the evidence submitted

24  therewith.

25  **B.    Entire written paragraphs of argument**

26  Similarly, the alleged "paragraphs of argument" in the Burr Declaration Plaintiffs refer to

27  are merely responsive to the corresponding paragraphs in the Park Declaration.  They are not

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   argument, but merely summaries of the relevant evidence.[1]

2          For example, one of the first objectionable "paragraphs of argument" Plaintiffs refer to in

3   the Burr Declaration states as follows: "the 'policy documents' cited by Plaintiffs demonstrate,

4   contrary to Plaintiffs' contention, that Assistant Team Leaders and Team Leaders have a

5   multitude of duties and responsibilities that are not shared with Auditors, such as scheduling,

6   completing weekly reports, conducting pre-inventory briefings and quarterly Team Leader

7   meetings, mentoring and training team members and other duties" – and then cites to evidence

8   supporting this summary. *See* Burr Declaration (Dkt. 629), p. 2-3. This paragraph is directly

9   responsive to the corresponding portion of the Park Declaration: "The auditors who were deposed

10  confirmed that Assistant Team Leaders and Team Leaders perform the same job duties as

11  auditors." *See* Park Declaration (Dkt. 611), p. 7. The Burr Declaration is not argumentative just

12  because it cites to evidences that contradicts the Park Declaration.

13  **C.      Cells of text**

14         Plaintiffs summarily state, without explanation, that "numerous cells of text [in the Burr

15  Declaration] are pure argument…and outside the personal knowledge of the witness." Plaintiffs

16  cited only to two pages in the Burr Declaration as being objectionable for this purpose. This

17  argument is essentially the same as those above and can be rejected for the same reasons. The

18  "cells of text" in the Burr Declaration are directly responsive to the "cells of text" in the Park

19  Declaration. Burr's Declaration responded to Park's "analysis" of what these documents

20  purportedly mean and added an additional column to several of Park's charts to address Plaintiffs'

21  inaccurate depictions of RGIS' policies. Burr's Declaration also responds to Plaintiffs' selective

22  compilation of internal and administrative charges in Paragraph 50 of Park's declaration and

23  Paragraph 31 of Lee's declaration.

24  **D.      "RGIS's Response" Column in Tables Throughout the Declaration**

25         RGIS unquestionably has a right to respond to the "summary" of evidence submitted with

26  the Park Declaration – especially considering that the Park Declaration cited to large amounts of

---

27  [1] If anything, the evidence summary in the Burr Declaration is less argumentative than the version submitted by Ms.
28  Park, which is nearly four times as long and takes a shocking amount of testimony and documentary evidence out of
    context.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED ON REPLY I/S/O
DEFENDANT'S MOTION TO DECERTIFY COLLECTION ACTION
3
SF01/ 618458.2

1  testimony out of context.  This response is not "commentary" nor outside the personal knowledge

2  of the declarant.[2]

3         For example, Plaintiffs quote language in a letter produced by RGIS they identify as

4  "Letter from U.S. Department of Labor, Wage and Hour Division Re Assessment of Civil Penalty

5  (September 13, 2004)" (RGIS 27819):

6         RE: Assessment of civil money penalty for minimum wage and/or
       overtime violations Dear Messrs. Nicholson: This refers to the
7         recent investigation of RGIS Inventory Specialists operations in
       Morrow, Georgia under the Fair Labor Standards Act (FLSA)
8         which disclosed violations of the overtime pay and record keeping
       requirements of the FLSA. The violations occurred because the
9         firm failed to count certain pre-shift time as work time thus
       resulting in unpaid hours worked and unpaid overtime pay. These
10        violations resulted in underpayments totaling $3,063.75 due to 31
       employees. I understand the firm agreed to comply fully with all
11        the provisions of the FLSA in the future and has paid back wages
       to the affected employees. I take note, however, that similar
12        violations have been encountered in previous investigations of the
       firm. In 1997, two investigations in New Jersey disclosed similar
13        violations in total of $11,525 back wages paid to 49 employees; in
       May 1999, violations were disclosed in a New York investigation
14        with $1,296 back wages owed to 1 employee; in June 2003, $943
       back wages were owed to 16 employees in Alabama. Although no
15        penalty was assessed to section 16(e) of the FLSA which provides
       for the assessment of a civil money penalty for any repeated or
16        willful violation of section 6 or 7, in an amount not to exceed
       $1,100 for each such violation.... (emphasis added).
17
18
19  RGIS responded with the following rebuttal:

20        Plaintiffs misquote the last paragraph of the letter.  It actually says
       that 'Although no penalty was assessed as a result of the most
21        recent investigation in Georgia, you should be aware that if at any
       time in the future the firm is found to have violated the monetary
22        provisions of the FLSA it may be subject to such penalties.'
       (emphasis added). This investigation pertains to two RGIS districts
23        which shared the same office in Johannesburg, Georgia.  The
       investigation covered these districts' practices until mid-2004.
24        RGIS did not have any knowledge of these alleged violations prior
       to receiving this notification. See Declaration of Cynthia Myers in
25        Support of Defendant RGIS, LLC's Reply to Plaintiffs' Opposition
26
27
28  [2] Interestingly, Plaintiffs do not appear to object to all of RGIS' response columns, even though they are nearly
    identical to the so-called objectionable sections. See, e.g., Burr Declaration, p. 43-56.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED ON REPLY I/S/O
DEFENDANT'S MOTION TO DECERTIFY COLLECTION ACTION
4
SF01/ 618458.2

1    to Decertify Plaintiffs' FLSA Collective Action ("Myers Decl."),
     Ex. B (filed herewith).
2

3    Burr Declaration, p. 68-69. This response is proper because it cites to evidence that directly

4    contradicts the misquoted language provided by Plaintiffs.

5    **E.    Citation to Underlying "Evidence" From Managers Who Lack Personal Knowledge
     and Foundation for the "Fact" Statements Proffered Therein.**

6         Plaintiffs offer no proof that these manager declarations are not based on personal

7    knowledge or that they lack foundation. In fact, in each of these declarations, the affiant declares,

8    under penalty of perjury, that "I have personal knowledge of the facts set forth in this Declaration

9    and, if called as a witness, I could and would testify competently and truthfully to such facts

10   under oath." Additionally, all of the declarations lay an adequate foundation for the testimony by

11   describing their background with RGIS and the basis for their personal knowledge. Unless

12   Plaintiffs can present some specific evidence impeaching these witnesses' credibility, then this

13   attack on the declaration must fail as well.

14        **II.    MANAGER DECLARATION TESTIMONY**

15        Plaintiffs' entire argument for the exclusion of these managers declaration is that their

16   "identities...were not disclosed to Plaintiffs as part of the mandatory disclosure required under

17   Fed. R. Civ. P. 26." As discussed in more detail in the accompanying Memorandum of Points

18   and Authorities in Opposition to Plaintiffs' Motion to Strike Defendant's Evidence Pursuant to

19   Federal Rule of Civil Procedure 37, however, RGIS fully complied with its disclosure obligations

20   under Rule 26 because these manager declarations were submitted to impeach the 179 new

21   declarations Plaintiffs' filed in their Response to RGIS' Motion to Decertify Plaintiffs' FLSA

22   Collection Action. As such, there are no evidentiary grounds to take the drastic step of striking

23   these declarations from the record.

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED ON REPLY I/S/O
DEFENDANT'S MOTION TO DECERTIFY COLLECTION ACTION
5
SF01/ 618458.2

1

### III.   RELIEF SOUGHT

2       For the foregoing reasons, RGIS requests that the Court overrule Plaintiffs' evidentiary

3    objections.

4    Dated: December 19, 2008                      DRINKER BIDDLE & REATH LLP

5

6                                           By: _____
                                                  Cheryl D. Orr
7                                                 Attorneys for Defendant
                                                  RGIS LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF01/ 618458.2