UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA WREN, ET AL., | No. C-06-05778 JCS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED MOTION TO DISMISS CERTAIN OPT-IN PLAINTIFFS [Docket No. 732]** |
| v. | |
| RGIS INVENTORY SPECIALISTS, | |
| Defendant. | |
| _____/ | |

## I.  INTRODUCTION

Defendants in this wage-and-hour class action filed a Motion to Dismiss Invalid Opt-In Plaintiffs ("the Motion"). The Court found that "many of the issues raised in the motion [were] premature and others [could be] resolved without court intervention." *See* February 6, 2009 Order [Docket No. 694]. Accordingly, the Motion was denied without prejudice and the parties were ordered to meet and confer to resolve the issues raised in the Motion. On May 8, 2009, the parties filed a Joint Proposal Regarding Dismissal of Certain of the Opt-In Plaintiffs ("Joint Proposal"). In the Joint Proposal, the parties outline the issues on which they agree and the remaining disputes with respect to the opt-in plaintiffs. As to the former, the Court adopts the parties' Joint Proposal in full. In this Order, the Court addresses the three remaining areas of disagreement, namely, whether the Court should dismiss the claims of opt-in plaintiffs who: 1) filed consent forms after the Court-ordered notice period ended; 2) served their discovery responses after the October 4, 2008 deadline; and 3) filed Plaintiffs' version of the Consent to Sue. In addition to the positions set forth by the parties on these issues in the Joint Proposal, the issues considered herein were fully briefed by the

parties at the time Defendants filed their original motion to dismiss. Therefore, the Court finds that oral argument is not required, pursuant to Civil Local Rule 7-1(b).

## II.     BACKGROUND

In its December 19, 2007 order granting conditional certification of certain classes of RGIS employees, the Court ordered the parties to meet and confer to develop a joint proposal for notice to potential class members. The parties were unable to agree on the length of the class period and as to certain language in the notice and therefore asked the Court for guidance. At the January 22, 2008 case management conference, the Court set the notice period for 90 days and approved Defendants' proposed notice with the exception of certain language that the Court ordered removed. *See* Docket Nos. 229 (minutes) & 232 (Further Case Management and Pretrial Order); Declaration of Cheryl D. Orr in Support of RGIS' Motion to Dismiss Invalid Opt-In Plaintiffs ("Orr Decl."), Ex. 1 (court-approved notice).

The parties enlisted a third-party class administrator, RG/2, to handle the opt-in process. Orr Decl., ¶ 7. RG/2 sent out four sets of opt-in notices to putative class members. *Id*. The first set was mailed on February 29, 2008, with an opt-in deadline of May 29, 2008. *Id*. The second and third sets were mailed out on March 17 and April 4, 2008, with opt-in deadlines of June 15 and July 3, 2008, respectively. *Id*.; *see also* Docket No. 430 (Stipulation and Order re: Opt-In Deadline). By May 6, 2008, over 43,000 notice packets had been returned to RG/2 as undeliverable. Declaration of Claims Administrator [Docket No. 349]. Consequently, the Court ordered RGIS to provide to RG/2 the social security numbers for these individuals so that correct addresses could be found; the Court further held that the opt-in deadline for these individuals would be 30 days from the date on which the social security numbers were turned over. *See* Docket No. 381.

Defendants provided the social security numbers to RG/2 on June 17, 2008. Declaration of Stephanie Valerio in Support of Parties' Joint Proposal Regarding Dismissal of Certain Opt-In Plaintiffs ("Valerio Decl."), ¶ 2. RG/2 sent out packets to the putative class members for whom addresses were found, but the packets contained only opt-in forms; they did not contain notices. Docket No. 430 (Stipulation and Order re Opt-In Deadline). The packets were re-sent, with notices, on July 9, 2008. Orr Decl., ¶ 14. To give these individuals adequate time to respond, the parties

1   stipulated that the opt-in deadline for them would be extended from July 17, 2008 – that is, 30 days
2   from the date the social security numbers had been turned over to RG/2 – to July 28, 2008. Docket
3   No. 430. The parties agree that 481 individuals returned their consents after the specified opt-in
4   deadlines but on or before the last deadline, July 28, 2008. Joint Proposal, Ex. C. An additional 647
5   individuals submitted their consents after July 28, 2008. Joint Proposal, Ex. B.

6         In addition to the notice packets that were sent out by RG/2, Plaintiffs' counsel also sent out
7   notices and consent forms to individuals who had contacted them because they had heard about the
8   lawsuit and believed they might be in the class but had not received notice from RG/2 and were not
9   on any list provided by RGIS. *See* Declaration of Christian Schreiber in Support of Plaintiffs'
10  Opposition to Defendant's Motion to Dismiss Opt-In Plaintiffs ("Schreiber Decl."), ¶ 19. These
11  individuals were sent the Court-approved notice along with the consent form that had been used by
12  Plaintiffs' counsel prior to conditional certification. *Id.* Sixty-nine individuals opted in to the class
13  using these pre-certification consent forms. Joint Proposal, Ex. D.

14        On April 4, 2008, Defendants served special interrogatories and requests for production of
15  documents on the opt-in plaintiffs. *See* Docket No. 522. Plaintiffs' counsel spent almost three
16  thousand hours trying to contact opt-in plaintiffs and assisting them with their discovery responses.
17  Schreiber Decl., ¶ 5. As of September 4, 2008, 131 individuals had failed to respond to Defendants'
18  discovery. *Id.*, ¶ 6. The Court issued an order to show cause requiring that they respond by October
19  4, 2008 or show good cause why they were unable to do so. Docket No. 522. The Court cautioned
20  that "[i]f you do not respond to this Court-ordered discovery by October 4, 2008, or show good
21  cause why you are unable to do so by October 4, 2008, this Court may dismiss your wage and hour
22  claims in this action with prejudice." *Id.* Ninety-nine individuals failed to respond to the Court's
23  Order to Show Cause by the October 4, 2008 deadline. *See* Joint Proposal, Ex. D. According to
24  Plaintiffs, four of these individuals responded to Defendants' discovery *after* the October 4, 2008

3

deadline and another, Regina Stanley Weeks, showed good cause for failing to respond. Joint Proposal at 3-4.[1]

### III. OPT-IN PLAINTIFFS WHO FILED CONSENTS AFTER NOTICE-PERIOD DEADLINE

Defendants ask the Court to dismiss the plaintiffs who submitted their consent forms after the applicable deadlines, arguing that "the parties should be able to definitively evaluate the scope of the class at the close of each opt-in period" and that to allow individuals who opted in *after* the deadlines to remain in the action would "negate" the Court's ruling regarding the duration of the opt-in period. Defendants further point out that the parties expressly stipulated to each of the mailing and notice dates. Plaintiffs, on the other hand, contend that the late opt-in plaintiffs should not be dismissed, arguing that it is in the interest of judicial economy to allow them to participate in this case and that the Court has the discretion to allow them to do so. In the alternative, Plaintiffs argue that at least the individuals who opted in by July 28, 2008 should be allowed to participate because the multiple mailings and opt-in dates may have created confusion among putative plaintiffs. For the reasons stated below, the Court concludes that it is in the interest of judicial economy to allow the plaintiffs who filed their consent forms untimely but by October 9, 2008 to remain in the action. The Court declines, however, to extend the deadline as to the plaintiffs who filed their consents after October 9, 2008, for whom no showing of good cause has been made. Therefore, the opt-in Plaintiffs who are listed in Exhibit C to the Joint Proposal shall remain in the action, while those listed in Exhibit B who filed consents after October 9, 2008 shall be dismissed.

In *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 172 (1989), the Supreme Court held that district courts have discretion to facilitate notice in class actions, including setting cut-off dates for the filing of consents. Where compliance with such deadlines is at issue, courts often apply a good-cause analysis to determine whether the deadline should be excused as to particular plaintiffs. *See, e.g., Moya v. Pilgrim's Pride Corp.*, 2006 WL 3486739 * 1 (E.D. Pa. Nov. 30, 2006). For example,

---

[1] The Court can find no evidence in the record indicating when the late discovery responses were provided or why they were filed late; nor does the Court find any evidence in the record indicating the reason Ms. Weeks was unable to respond to Defendants' discovery.

4

in *Moya*, the court allowed three out of eight late opt-ins to join the class; one returned his consent late because he was incarcerated and therefore received the notice late, while the consents of the two other opt-ins "[fell] prey to the United States Postal Services' snail mail." *Id*. at * 2. The court in that case concluded that allowing these individuals to remain in the case would not prejudice the defendant and excused the deadline as to the three. *Id*. On the other hand, it dismissed a plaintiff who returned the consent late because the notice got "lost" under a pile of junk mail, a plaintiff who said the notice arrived late but did not explain why, a plaintiff who said she sent the notice late because she feared retaliation, and a plaintiff who received the notice late because she moved to a new address but did not explain whether the delay was the fault of the Postal Service or because she had failed to leave a forwarding address. *Id*.

A good-cause analysis may not always be appropriate, however. In particular, Judge Patel, in this district recently held in a large, multi-district litigation brought under the FLSA that "a rigid application of a 'good cause' test [did] not fully respond to the various factors with which the court must concern itself." *In re Wells Fargo Home Mortgage Overtime Pay Litigation,* 2008 WL 4712769 (N.D. Cal. October 23, 2008). To explain its point, the court quoted the Eighth Circuit's discussion of how deadlines should be treated in the FLSA context:

> The FLSA should be given a broad reading, in favor of coverage. It is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." ... A generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines.

*Id* at * 2 (quoting *Kelley v. Alamo*, 964 F.2d 747, 749-750 (1992)). With the remedial purpose of the FLSA in mind, the court addressed whether 350 plaintiffs who filed their consent forms after the April 18, 2008 deadline – the bulk of whom filed their consents within a month of that deadline – should be dismissed from the case. *Id*.

The court considered both judicial economy and prejudice to the defendant of permitting the opt-ins to participate in the action. *Id.* As to the former, the court found that extending the deadline would be in the interest of judicial economy because if the 350 plaintiffs were dismissed, a separate class action would likely be spawned, thereby partially frustrating the rationale for the class action mechanism. The court further concluded that allowing the late opt-ins to remain in the case would

not prejudice the defendant because the number of class members at issue represented only a small percentage increase in the size of the class, which already included over four thousand individuals, and because the case was still at an early stage. *Id*. Accordingly, the court permitted the late opt-ins who filed their consents within a month of the April 18 deadline to participate in the class without demonstrating good cause as to each individual plaintiff. *Id*. The court further held that opt-in plaintiffs who filed their consent after May 18 would be permitted to join the class where they made a showing of good cause based upon a declaration under penalty of perjury explaining why the individual was unable to postmark the form by the April 18 deadline. *Id*. at *3.

      Here, the parties have identified 481 individuals who filed their consents after the deadlines that applied to them but by July 28, 2008. Joint Proposal, Ex. C. In addition, they have identified 647 individuals who filed their opt-in consents between July 28, 2008 and April 18, 2009. Dismissal of these individuals runs counter to the remedial purposes of the FLSA to the extent it may result in forfeiture of their claims. In addition, if dismissed, these individuals are numerous enough that they might file separate class actions, which would defeat the purpose of the class action mechanism. On the other hand, to the extent that Defendants' motion to decertify was due on October 9, 2008, allowing individuals to opt in as plaintiffs after that date would be unfair to Defendants and could result in actual prejudice to them. Balancing these factors, the Court concludes, as did Judge Patel in the *Wells Fargo* case, that some relaxation of the deadline for filing consents is in the interest of judicial economy and will not result in prejudice to Defendants. Therefore, the Court will permit the individuals who submitted their consents untimely but by October 9, 2008, to remain in this action even though no showing of good cause has been made as to these individuals. The individuals who submitted opt-in consents *after* October 9, 2008, however, are dismissed. By the time these individuals returned their consents, Defendants had already served discovery on the opt-in plaintiffs and it was clearly too late for Defendants to obtain discovery from these late opt-ins before their motion to decertify was due. Further, although this Motion was originally brought in October 2008, Plaintiffs have not presented the Court with any evidence that the individuals who filed their consents after October 9, 2008 had good cause for returning their forms after the applicable deadlines. Therefore, the Motion is GRANTED as to the individuals listed in Exhibit B to the Joint

Proposal who submitted their consent forms after October 9, 2008.   The Motion is DENIED as to all of the opt-in plaintiffs who submitted their consent forms by October 9, 2008.

## IV. OPT-IN PLAINTIFFS WHO FILED PRE-CERTIFICATION CONSENT FORMS

Defendants ask the Court to dismiss 69 plaintiffs who filed the plaintiff's version of the consent form rather than the court-approved consent form.  *See* Joint Proposal, Ex. D.  Defendants assert that "[e]ndorsing Plaintiffs' unilateral solicitation of class members via their self-mailed and independently drafted 'notice' would effectively negate the Court's efforts in crafting a neutral notice."  *Id.* at 4.  The Court DENIES Defendants' request.  Plaintiffs submitted a declaration attesting that the individuals who filed the earlier version of the consent form were sent the court-approved notice along with the consent form.  *See* Schreiber Decl., ¶ 20.  Defendants have presented no evidence to the contrary.  Thus, the only question is whether use of the Plaintiffs' consent form, which was used prior to conditional certification, warrants dismissal of these plaintiffs.  The Court already addressed this issue in its June 11, 2007 Order, in which it held that "nothing in [plaintiffs' consent form] is so inaccurate or misleading as to vitiate the consent of the opt-in plaintiffs" who used that form.  Docket No. 87 at 12.

## V. OPT-IN PLAINTIFFS WHO RESPONDED TO DISCOVERY AFTER OCTOBER 4, 2008 DEADLINE

The parties are largely in agreement that the opt-in plaintiffs who failed to respond to Defendants' discovery requests should be dismissed from the action.  *See* Joint Proposal at 3 & Ex. D.  Plaintiffs, however, assert that five opt-in plaintiffs listed in Ex. D should not be dismissed because four of them ultimately responded to the discovery requests, albeit after the Court's October 4 deadline, and one showed good cause for failing to respond.  The Court rejects Plaintiffs' request.  As to the four who responded untimely, Plaintiffs have offered no explanation for the failure to respond in a timely manner.  Unlike the late consents, which numbered in the hundreds, the late discovery responses involved only a handful of individuals.  In that context, the Court is unwilling to excuse their lack of compliance without good cause.  As to the fifth plaintiff, for whom Plaintiffs assert there is good cause for failure to respond, the Court has found no evidence in the record

7

demonstrating such good cause. Accordingly, the Court dismisses all of the plaintiffs listed in Exhibit D to the Joint Proposal.

## VI. CONCLUSION

The Motion is GRANTED as to the individuals listed in Exhibit B to the Joint Proposal who submitted their consent forms after October 9, 2008. These individuals are dismissed without prejudice. The Court also GRANTS the motion as to all of the individuals listed in Exhibit E on the grounds that they failed to respond to discovery by the October 4, 2008 deadline and did not establish good cause. The Motion is DENIED as to all other opt-in plaintiffs, except the Court adopts the Joint Proposal as to the issues on which the parties have agreed.

IT IS SO ORDERED.

Dated: May 29, 2009

JOSEPH C. SPERO
United States Magistrate Judge

8