UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA WREN, ET AL., | No. C-06-05778 JCS |
| Plaintiffs, | **ORDER ADDRESSING RULE 23 NOTICE DISPUTES [Docket No. 731] AND SETTING HEARING ON DEFENDANT'S SUMMARY JUDGMENT MOTION [Docket No. 648]** |
| v. | |
| RGIS INVENTORY SPECIALISTS, | |
| Defendant. | |

## I. INTRODUCTION

In its April 13, 2009 Order, the Court instructed the parties to meet and confer regarding the form and content of the notice that would be sent to the Rule 23 class members ("the Notice") if the Ninth Circuit denied Defendant's Rule 23(f) petition for permission to appeal the Court's February 6, 2009 Order. The parties met and conferred and agreed on much of the content of the Notice, but they were unable to resolve certain issues. On May 8, 2009, the parties submitted a joint letter ("the Joint Letter") to the Court setting forth the parties' positions regarding the following disputed issues: 1) whether the first section of the Notice should include language proposed by Plaintiffs describing the claims and what that section should be called; 2) whether the section entitled "What Happens Next?" should include language proposed by Defendant warning Rule 23 class members that they may be required to appear or testify in the action; 3) whether the opt-out period for the Rule 23 class should be 45 days or 60 days; and 4) whether the Notice should include certain contact information, including an "800" number and website for Spanish-language speakers.

On June 4, 2009, the Ninth Circuit rejected Defendant's Rule 23(f) petition. Therefore, the Court decides the issues in dispute regarding the Rule 23 Notice, as set forth below. In addition, a hearing on Defendant's motion for summary judgment [Docket No. 648] is set for **August 7, 2009 at 9:30 a.m.** in Courtroom A.

**II.   Heading and Content of First Section of Notice**

The parties disagree as to whether the following language proposed by Plaintiffs should be included in the Notice:

> The lawsuit charges that RGIS failed and continues to fail to pay RGIS hourly employees for all hours worked, including time spent putting on equipment, time spent waiting before inventories begin, and time spent traveling in RGIS-provided transportation to and from inventories. In addition, the lawsuit charges that RGIS failed and continues to fail to provide meal and rest breaks and properly itemized wage statements to its hourly employees.

Joint Letter, Ex. A, 1:27-2:1-5.  Plaintiffs argue that this proposed language is "critical" to the class members' understanding of the action and that it was already used in the conditional certification notice and therefore is not objectionable.  Joint Letter, 1-2.  Defendant asserts that Plaintiffs' proposed language inaccurately suggests that all claims have been certified to proceed on a class basis and does not clearly reflect that some claims are limited to particular states or that there is some overlap between the federal and state claims.  Joint Letter, 2.  The Court finds that Plaintiffs' proposed language is unnecessary because the subsequent section of the Notice lists the classes that have been certified and provides the class members with the same information in a more accurate manner.  Therefore, Plaintiffs' proposed language shall be omitted from the Notice.

The parties also disagree on an appropriate heading for the first section of the Notice.  Plaintiffs propose that the section be entitled "What is this Lawsuit About?" Joint Letter, Ex. A, 1:21.  Plaintiffs argue using the term "lawsuit" in the heading will serve to "flag the issues" for class members.  Joint Letter, 1.  Defendant argues the section should be entitled "Background Information."  *Id*.  In light of its holding that Plaintiffs' proposed language describing the claims in the action shall not to be included in this section of the Notice (see above), the Court concludes that Defendant's suggested heading more accurately describes the section.  Therefore, the first section of the Notice shall be entitled, "Background Information."

### III. Whether Notice Should Include a Warning about Possible Participation in Action

The parties disagree as to whether the following language proposed by Defendant should be included in the Notice:

> You may not need to appear in court or otherwise participate in this trial to be a class member or to be eligible for a monetary recovery should the plaintiffs prevail on their claims. However, certain class members will be required to testify in Court.

Joint Letter, Ex. B, 3:6-8. Plaintiffs assert that this language overstates the likelihood that class members will need to appear in court and/or testify and consequently may increase the likelihood that class members will opt out. Joint Letter, 2-3. Plaintiffs propose the following language instead:

> You do not need to appear in court or otherwise participate in this trial to be a class member or to be eligible for a monetary recovery should the plaintiffs prevail on their claims.

Joint Letter, Ex. A, 3:10-12.

The Court finds that Plaintiffs' proposed language regarding class member participation should be used rather than Defendant's version. Individualized discovery in a Rule 23 class action is "rarely appropriate." *Prentice v. Fund for Public Interest Research, Inc.*, 2007 U.S. Dist. LEXIS 71122, *15 (N.D. Cal. Sept. 18, 2007) (holding that language warning potential plaintiffs that they might be required to participate if they joined the collective action was "unnecessary and inappropriate" in an FLSA notice of collective action based on "principles of discovery developed in Rule 23 cases"). Consequently, including a warning that class members might be required to participate in the action will serve no purpose other than deterring them from remaining in the class "based on unfounded concerns about the hassle" of participation. *Id*. Therefore, the Court holds that the language proposed by Defendant regarding participation in the action shall not be included in the notice and that Plaintiffs' proposed language shall be used instead.

### IV. Length of the Opt-out Period

The parties disagree as to the length of the opt-out period, with Plaintiffs requesting a 45-day period and Defendant seeking 60 days. As Plaintiffs note, Fed. R. Civ. P. 23(c)(2)(B)(vi) does not prescribe a particular time period for opting out of a Rule 23 class. The Court finds that an opt-out

period of 60 days is reasonable, especially in light of the 90-day period that was allowed for FLSA plaintiffs to opt in to that class.

## V. Contact Information

The parties disagree on what contact information should be included in the Notice. In addition to including Class Counsel's telephone numbers and addresses, which Defendant does not challenge, Plaintiffs seek to include the following information for contacting Class Counsel: (1) an 800 telephone number and a website for Spanish-language speakers, provided in a sentence, written in Spanish, included in the greeting of the Notice; and (2) an e-mail address and an English-language website. Plaintiffs also seek to include in the section listing contact information language encouraging class members to contact Class Counsel if they have any questions about the lawsuit. Joint Letter, Ex. A, 4:13 -15. Defendant objects to the inclusion of the Spanish-language 800 number and website, as well as counsels' email address and English-language website. In addition, Defendant seeks to include in the Notice contact information for its own counsel. Joint Letter, Ex. B, 4. For the reasons stated below, the Court holds that the Spanish-language website and 800 telephone number, Class Counsel's e-mail address, the English-language website, and the additional language proposed by Plaintiffs explaining whom class members should contact with questions, shall be included in the Notice, and that contact information for Defendant's counsel shall be omitted.

Members of the class must be notified in a manner that does not leave any group without notice. *San Francisco NAACP v. San Francisco Unified School District*, 2001 WL 1922333, *4 (N.D. Cal. Oct 24, 2001). Here, the class includes individuals who reside in Puerto Rico whose first language is likely to be Spanish. Joint Letter, 4. Therefore, including an 800 telephone number and Spanish-language website is appropriate in order to facilitate access for these and other Spanish-speaking class members. *Id.* Further, Plaintiffs have stated that class members often do not have consistent access to telephones and that many class members prefer to communicate via e-mail. On this basis, the Court finds that providing Class Counsel's e-mail address and website in the Notice is appropriate because it offers important means by which class members can obtain information regarding the class action. The language proposed by Plaintiffs encouraging class members to

contact Class Counsel with questions, *see* Joint Letter, Ex. A, 4:13-15, shall be included rather than Defendant's shorter version stating that "Class counsel can be contacted at: . . ." Joint Letter, Ex. B, 4:7. The Court notes that Defendant did not raise any specific objection to the expanded version proposed by Plaintiffs. Finally, the Court finds that inclusion of contact information for Defendant's counsel in the Notice is not appropriate.

## VI. CONCLUSION

The parties shall submit a proposed Notice incorporating the Court's rulings within two weeks of the date of this order.

IT IS SO ORDERED.

Dated: June 17, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge