Todd M. Schneider (SBN 158253)
tschneider@schneiderwallace.com
Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Andrew P. Lee (SBN 245903)
alee@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

David Borgen (SBN 099354)
dborgen@gdblegal.com
James Kan (SBN 240749)
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Telephone:  (510) 763-9800
Facsimile:  (510) 835-1417

Attorneys for Plaintiff Classes
[Additional counsel below]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA WREN and CYNTHIA PIPER, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>RGIS Inventory Specialists, LLC, RGIS, LLC, and Does 1-25 Inclusive,<br><br>Defendants. | Case No. 3:06-cv-05778 JCS<br>Case No. 3:07-cv-00032 JCS<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**DECLARATION OF ANDREW P. LEE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**<br><br>Date:   July 29, 2010<br>Time:  9:30 a.m.<br>Judge: Hon. Joseph C. Spero |

Additional counsel:

Peter Schneider, *pro hac vice*
pschneider@gsnlaw.com
Keith Grady, *pro hac vice*
kgrady@gsnlaw.com
GRADY SCHNEIDER, LLP
801 Congress, Suite 400
Houston, TX 77002
Telephone: (713) 228-2200
Facsimile: (713) 228-2210

Jose R. Mata (SBN 83724)
jmata@wagelawyer.com
BAILEY PINNEY PC
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360) 567-2551
Facsimile: (360) 567-3331

DECLARATION OF ANDREW P. LEE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
*Wren and Piper, et al. v. RGIS*, Case No. 3:06-cv-05778 JCS & Case No. 3:07-cv-00032 JCS

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

I, Andrew P. Lee, declare:

1. I am an associate at the law firm of Schneider Wallace Cottrell Brayton Konecky LLP. I am a member in good standing of the bar of the State of California. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. This Declaration is submitted in support of Plaintiffs' Motion for Preliminary Approval of Settlement.

3. On July 9, 2010, Plaintiffs filed their Motion for Preliminary Approval of Settlement [Dkt. No. 840], a proposed Order Granting Preliminary Approval (attaching the Stipulation of Settlement) [Dkt. No. 840-1], and the Declaration of Guy B. Wallace in support thereof [Dkt. No. 840-2].

4. At the time of that filing, five named Plaintiffs and one member of Plaintiffs' Counsel had not executed the Stipulation of Settlement. Attached as **Exhibit A** is a fully executed copy of the Stipulation of Settlement with all required signatures.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on July 28, 2010 in San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　 */s/Andrew P. Lee*
　　　　　　　　　　　　　　　　　　　　　　  ANDREW P. LEE

# EXHIBIT A

| | |
|---|---|
| Todd M. Schneider (SBN 158253)<br>Guy B. Wallace (SBN 176151)<br>Andrew Lee (SBN 245903)<br>SCHNEIDER WALLACE COTTRELL<br>BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 421-7100<br>Facsimile: (415) 421-7105<br>tschneider@schneiderwallace.com<br>gwallace@schneiderwallace.com<br>alee@schneiderwallace.com<br><br>Attorneys for plaintiffs Trisha Wren and<br>Cynthia Piper, *et al.*<br><br>[Additional counsel appear after signature pages] | Catherine A. Conway (SBN 98366)<br>Gregory W. Knopp (SBN 237615)<br>AKIN GUMP STRAUSS HAUER &<br>  FELD LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1000<br>Facsimile: (310) 229-1001<br>cconway@akingump.com<br>gknopp@akingump.com<br><br>Joel M. Cohn (*pro hac vice*)<br>William F. Allen (*pro hac vice*)<br>Michael S. McIntosh (*pro hac vice*)<br>Kelly M. Scindian (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER &<br>  FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br>jcohn@akingump.com<br>ballen@akingump.com<br>mmcintosh@akingump.com<br>kscindian@akingump.com<br><br>Attorneys for RGIS, LLC (erroneously sued as<br>RGIS Inventory Specialists, Inc.) |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRISHA WREN and CYNTHIA PIPER, et al., individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>RGIS INVENTORY SPECIALISTS, LLC and DOES 1-25, inclusive,<br><br>        Defendants. | Case No. 3:06-cv-05778 JCS<br>Case No. 3:07-cv-00032 JCS<br><br><br><br>**STIPULATION OF SETTLEMENT** |

Plaintiffs Trisha Wren, Kevin Barnes, Brent Whitman, Kathlene Feige, Lisa Cunningham-Gibson, Cynthia Piper, Tephine Saites, Margaret Cruz Boze, Michelle Pease, Kimberly Cassara, Rabecka Sheldranti, Victoria Thompson, Melanie Manos, Norma Garcia, Cheryl Pierson, Sally Rosenthal, Nicole Verbick, Tammy Schnars, and Margaret Martinez, individually and on behalf of all members of the classes defined herein, and their counsel of record (collectively "Plaintiffs"), defendant RGIS, LLC, erroneously sued as RGIS Inventory Specialists, Inc., and their counsel of record (collectively "Defendant"), and subject to the terms and conditions hereof and final approval by the Court, hereby enter into this stipulation of settlement ("Agreement") pursuant to Federal Rule of Civil Procedure 23(e). This settlement is intended to fully, finally, and forever compromise, release, resolve, discharge, and settle the released claims subject to the terms and conditions set forth in this settlement. The instant action shall be dismissed with prejudice upon final approval of this settlement by the Court.

1. THE INSTANT ACTION

   1.1 Nature Of The Action And Claims Raised

   Defendant, RGIS, LLC, provides inventory services to retailers across the country. To provide those services, Defendant's employees travel to its customers' establishments to count the items to be inventoried. Generally, prior to counting, employees are required to don certain equipment, including a small audit machine.

   The instant action, *Wren, et al., v. RGIS Inventory Specialists, LLC*, Nos. 3:06-cv-05778, 3:07-cv-00032, arises from the consolidation of two separate actions alleging similar claims. In the operative, June 26, 2007, First Amended Consolidated Complaint (dkt. no. 88), Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the laws of California, Illinois, Oregon, and Washington. Those claims include, but are not limited to, allegations that Defendant improperly denied Plaintiffs: (i) minimum, straight time, and overtime wages by failing to pay Plaintiffs for all hours worked, including donning and related waiting time; (ii) required

compensation for time spent traveling to and from certain inventories on company-provided transportation; (iii) adequate meal periods and rest breaks; and (iv) accurate itemized wage statements. Plaintiffs further allege that, due to Defendant's alleged failure to pay all wages earned and to provide adequate meal periods and rest breaks, Defendant has improperly failed to pay California and Oregon employees who were terminated all wages upon termination. Plaintiffs also allege that Defendant's conduct constitutes unfair business practices, entitling them to restitution and injunctive relief under California's Unfair Competition Law. Named Plaintiffs sought to recover damages, equitable relief, penalties, liquidated damages, interest, attorney's fees, and costs on behalf of themselves and the putative classes.

1.2     Procedural History Of The Instant Action

A.     On September 20, 2006, plaintiffs Trisha Wren, Kevin Barnes, and Brent Whitman, filed a putative class action in the U.S. District Court for the Northern District of California, *Wren, et al., v. RGIS Inventory Specialists*, No. 3:06-cv-05778, alleging causes of actions under California, Oregon, and Washington state law.

B.     On January 4, 2007, plaintiffs Cynthia Piper, Tephine Saites, Margaret Cruz Boze, Michelle Pease, Kimberly Cassara, Rabecka Sheldranti, Victoria Thompson, Melanie Manos, Norma Garcia, Cheryl Pierson, Sally Rosenthal, Nichole Verbick, and Tammy Schnars, filed a putative collective/class action in the U.S. District Court for the Northern District of California, *Piper, et al., v. RGIS Inventory Specialists*, No. 3:07-cv-00032, alleging causes of action under the FLSA and California state law.

C.     On June 6, 2007, the Court consolidated *Piper* and *Wren* (dkt. no. 86). Accordingly, Plaintiffs filed a consolidated complaint on June 26, 2007 (dkt. no. 88). The consolidated complaint added causes of action arising under Illinois law.

D.     On July 21, 2007, Plaintiffs moved for issuance of notice to putative FLSA class members under 29 U.S.C. § 216(b) (*Piper* dkt. no. 125). On December 19,

2007, the Court conditionally certified two opt-in classes in connection with Plaintiffs' FLSA claims for collective treatment:

> (i.) "All non-exempt hourly employees of RGIS Inventory Specialists, now operating as RGIS, LLC, who were, are, or will be employed as [A]uditors during the period of three years prior to the commencement of this action through the date of judgment in this action;" and
>
> (ii.) "All non-exempt hourly employees of RGIS Inventory Specialists, now operating as RGIS, LLC, who were, are, or will be employed as assistant [] team leaders, team leaders, and assistant or associate area managers of RGIS during the period of three years prior to the commencement of this action through the date of judgment in this action."

(dkt. no. 216). Notice was issued to approximately 290,000 current and former employees of Defendant and 26,855 individuals submitted consents to participate in the instant action as opt-in plaintiffs. The Court subsequently dismissed 339 of those opt-in plaintiffs for a variety of reasons (dkt. no. 746).

E. On July 10, 2008, Plaintiffs moved for class certification of their state law claims under Fed. R. Civ. P. 23 (dkt. no. 403). While that motion was pending, on October 9, 2008, Defendant moved to decertify the FLSA collective action (dkt. no. 569). By order issued on February 6, 2009, the Court granted Plaintiffs' motion for certification pursuant to Fed. R. Civ. P. 23 and denied Defendant's motion to decertify the FLSA collective action (dkt. no. 694). The court certified the following Rule 23 classes:

> (i.) All hourly Auditors, Assistant Team Leaders, Team Leaders and Associate Area Managers[1] employed by RGIS in California on or after January 1, 2005 with respect to the claims asserted in the Consolidated Complaint arising out of (1) donning and related waiting time from the time that equipment is made available for donning, (2) unpaid travel time on company provided travel for the first hour of travel to and the first hour of

---

[1] The Court's order references "*Assistant* Area Managers," as opposed to "Associate Area Managers." However, RGIS has not had a position in the United States during the applicable limitations periods with that title. Thus, the parties presume that the Court meant the "Associate Area Manager" position.

travel from an inventory site, and (3) the alleged failure to comply with the requirements of California Labor Code section 226 that employers must provide properly itemized wage statements;

(ii.) All hourly Auditors, Assistant Team Leaders, Team Leaders and Associate Area Managers employed by RGIS in Oregon on or after September 20, 2000 with respect to the claims asserted in the Consolidated Complaint arising out of donning and related waiting time from the time that equipment is made available for donning;

(iii.) All hourly Auditors, Assistant Team Leaders, Team Leaders and Associate Area Managers employed by RGIS in Washington on or after September 20, 2003 with respect to the claims asserted in the Consolidated Complaint arising out of donning and related waiting time from the time that equipment is made available for donning; and

(iv.) All hourly Auditors, Assistant Team Leaders, Team Leaders and Associate Area Managers employed by RGIS in Illinois on or after January 4, 2004[2] with respect to the claims asserted in the Consolidated Complaint arising out of donning and related waiting time from the time that equipment is made available for donning.

In certifying Plaintiffs' state law claims and denying Defendant's motion to decertify Plaintiffs' FLSA claims, the Court stated that certification was based on allegations of a "uniform policy adopted by RGIS of requiring [A]uditors to be ready to start counting, with equipment already donned, at the inventory start time." Pursuant to this decision, notice of class-action litigation was issued to approximately 47,000 current and former employees of Defendant in California, Illinois, Oregon, and Washington. Thirty-one of the individuals receiving notice timely opted out of the class action.

F. On November 21, 2008, Defendant moved for summary judgment on Plaintiffs' unpaid travel time, unpaid donning and waiting time, meal period, and rest break claims (dkt. no. 648). On August 24, 2009, the Court granted that motion in part,

---

[2] The Court's order incorrectly identifies this date as January 4, 2000.

and denied it in part (dkt. no. 775). The Court granted Defendant summary judgment with respect to Plaintiffs' travel time claims, holding that such time was "'normal travel from home to work' and thus, it is not considered work time' under the FLSA and the Portal-to-Portal Act," and that it was not compensable work time under California, Illinois, or Washington law. With respect to Plaintiffs' meal period claims, the Court explained that it had not certified those claims for class treatment, and then granted Defendant's motion with respect to the Named Plaintiffs under Oregon and Illinois law, and denied it without prejudice under California and Washington law. With respect to Plaintiffs' donning and waiting time claims, the Court denied Defendant's motion for summary judgment.

G. On October 5, 2009, the parties participated in a mediation before David A. Rotman. That mediation ended without the parties reaching any resolution to the instant action.

H. On April 22 and May 7, 2010, the parties participated in a second mediation, this time before retired United States Magistrate Judge Edward A. Infante. As part of the May 7, 2010 mediation session, Magistrate Infante made a "mediator's recommendation" of settlement terms. Based on that recommendation, the parties reached a settlement, the terms of which are memorialized herein.

1.3   Parties' Statements And Recognition Of The Benefits Of Settlement

A. Plaintiffs believe that the claims asserted in the instant action have merit under the FLSA and California, Illinois, Oregon, and Washington law. However, Plaintiffs recognize the cost and delay of continued proceedings necessary to prosecute the instant action against Defendant through trial and appeal. Plaintiffs have also taken into account the uncertain outcome and the risk of loss in any litigation, especially in a complex action such as this. Plaintiffs are also mindful of the inherent problems of proof under, and possible defenses to, the causes of action asserted and the causes of action that could be asserted in the instant action. Plaintiffs believe that the settlement

set forth in this Agreement confers substantial benefits on class members. Based on their evaluation, Plaintiffs have determined that the settlement is in the best interest of the Plaintiffs and the Settlement Classes.

        B.    Defendant denies each and all of the claims alleged by Plaintiffs in the instant action. Defendant expressly denies any and all charges of wrongdoing or liability arising out of any of the acts, omissions, facts, matters, transactions, or occurrences alleged, or that could have been alleged, in the instant action. Defendant contends that, in compliance with applicable state and federal laws, its Auditors, Assistant Team Leaders, Team Leaders, and Associate Area Managers have been paid all wages due, have been afforded appropriate meal periods and rest breaks, have been timely paid all wages owed upon termination, and have been provided with proper wage statements. Because Defendant has complied with its obligations under the FLSA and state law, Defendant contends that Plaintiffs' claims for minimum wages, straight time wages, overtime wages, inadequate wage statements, waiting time penalties, injunctive relief and civil penalties will fail. Defendant also denies that the asserted claims are appropriate for collective treatment under 29 U.S.C. § 216(b) or class treatment under Fed. R. Civ. P. 23, except pursuant to a settlement, due to the intractable management problems and issues of individualized proof that would have been associated with a class-wide trial. Nevertheless, Defendant has taken into account the uncertainty and risks inherent in any litigation and has also concluded that further conduct of the instant action would be protracted and expensive. Defendant, therefore, has determined that it is desirable and beneficial that the instant action be settled in the manner and upon the terms and conditions set forth in the Agreement.

2.    <u>TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT</u>

IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and the Settlement Classes) and Defendant, by and through their respective attorneys, that, subject to the approval of the Court, the instant action will be finally and

fully compromised, released, resolved, discharged, and settled, and will be dismissed with prejudice as to Defendant, subject to the terms and conditions of this Agreement, as follows:

2.1  Definitions

As used in this Agreement, the following terms have the meanings specified below:

A.  "Assistant Team Leader" means a current or former employee of Defendant who held or holds the job title of "assistant team leader" in Defendant's personnel databases.

B.  "Associate Area Manager" means a current or former employee of Defendant who held or holds the job title of "associate area manager" in Defendant's personnel databases.

C.  "Auditor" means a current or former employee of Defendant who held or holds the job title of "auditor," "top gun," "expert" or "specialist" in Defendant's personnel databases.

D.  "Authorized Claim" means the claim of an Authorized Claimant in the amount to which the Authorized Claimant is entitled.

E.  "Authorized Claimant" means any Settlement Class Member who is entitled to a Settlement Payment.

F.  "Claims Administrator" means the firm of Rust Consulting, Inc., or any successors designated by the parties to effectuate the settlement.

G.  "Class Counsel" means the Plaintiffs' Attorneys.

H.  "Defendant" means RGIS, LLC, erroneously sued in the instant action as RGIS Inventory Specialists, Inc., including its past, present, or future officers, directors, shareholders, employees, agents, principals, heirs, assigns, representatives, accountants, auditors, consultants, attorneys, fiduciaries, both individually and in their

official capacities, employee benefits plans, insurers and reinsurers, and their respective successors and predecessors in interests, subsidiaries, affiliates, and parents.

      I.    "Effective Date" means the date by which *both* of the following have occurred: (i) this settlement has received final approval from the U.S. District Court for the Northern District of California or any other court taking jurisdiction of this matter; and (ii) the appeal period from the Court's final order approving the class settlement expires without an appeal being filed or, if such an appeal is filed, the date on which the appeal is finally resolved, including any decision by the United States Supreme Court. To the extent any appeal results in the settlement being found to be invalid, this Agreement will be null and void for all purposes in its entirety.

      J.    "Final Settlement Hearing" means the hearing to be conducted by the U.S. District Court for the Northern District of California, or any other court taking jurisdiction of this matter, to determine whether to finally approve the settlement.

      K.    "Motion for Preliminary Approval" refers to the motion for preliminary approval of this settlement and its supporting papers.

      L.    "Named Plaintiffs" mean Trisha Wren, Kevin Barnes, Brent Whitman, Kathlene Feige, Lisa Cunningham-Gibson, Cynthia Piper, Tephine Saites, Margaret Cruz Boze, Michelle Pease, Kimberly Cassara, Rabecka Sheldranti, Victoria Thompson, Melanie Manos, Norma Garcia, Cheryl Pierson, Sally Rosenthal, Nicole Verbick, Tammy Schnars, and Margaret Martinez.

      M.    "Notice of Settlement" refers to the official notice of settlement of class action, substantially in the form attached hereto as exhibit 1.

      N.    "Order Granting Preliminary Approval" refers to the order or statement of decision granting preliminary approval to this settlement.

      O.    "Plaintiffs' Attorney's Fees" refers to the fee amount to be paid to Plaintiffs' Attorneys under the terms of this Agreement.

1  P.  "Plaintiffs' Attorneys" means the attorneys representing Plaintiffs in the instant action:  (i) Schneider Wallace Cottrell Brayton Konecky LLP, 180 Montgomery Street, Suite 200, San Francisco, California 94104; (ii) Goldstein, Demchak, Baller, Borgen & Dardarian, 300 Lakeside Drive, Suite 1000, Oakland, California 94612; (iii) Grady Schneider, 801 Congress, Suite 400, Houston, Texas 77002; and (iv) Bailey Pinney PC, 1498 SE Tech Center Place, Suite 290, Vancouver, Washington 98683.

Q.  "Plaintiffs' Litigation Expenses" means the sum of Plaintiffs' expenses of litigation, defined below, incurred by Plaintiffs in connection with the instant action.

R.  "Service Award" means a sum to be paid to the Named Plaintiffs and to Carol Molmen, Joan Johnson, Latonia Williams, Jewell Gatlin, and Michele Zustak, who served as proposed class representatives, but were never formally added as named plaintiffs to the consolidated complaint, in recognition of their service in the instant action.

S.  "Settlement Amount" refers to $27,000,000, which is the total and maximum amount Defendant will be required to pay under this settlement, except that in addition to the Settlement Amount, Defendant will pay its share of employer payroll taxes associated with payments of back pay to Authorized Claimants pursuant to this Agreement.  The Settlement Amount will include the following elements:  (i) cash Settlement Payments as described in this Agreement to Authorized Claimants; (ii) Service Awards to Named Plaintiffs as described herein; (iii) Plaintiffs' Litigation Expenses as described herein; (iv) Plaintiffs' Attorney's Fees payable as described herein; and (v) Settlement Expenses, as defined herein.  No reversion of any portion of the Settlement Amount will be made to Defendant.

T.  "Settlement Class Members" means those persons who are members of the classes who have not properly and timely opted out of the instant action, either as

part of the notice process that followed the Court's certification of Plaintiffs' state law claims (dkt. no. 694) or in connection with the opt-out procedures described herein associated with the Notice of Settlement.

U. "Settlement Classes" are defined as follows:

(i.) Persons who submitted consents to participate in the instant action as opt-in plaintiffs for purposes of Plaintiffs' FLSA collective action claims and were not dismissed from this action as part of the Court's amended order granting Defendant's renewed motion to dismiss (dkt. no. 746); or

(ii.) Persons employed by Defendant as Auditors, Assistant Team Leaders, Team Leaders or Associate Area Managers, as defined herein, in California between January 1, 2005 and the date of the entry of the Court's Order Granting Preliminary Approval to this settlement, and who did not previously opt-out of the instant action; or

(iii.) Persons employed by Defendant as Auditors, Assistant Team Leaders, Team Leaders or Associate Area Managers, as defined herein, in Illinois between January 4, 2004, and the date of the entry of the Court's Order Granting Preliminary Approval to this settlement, and who did not previously opt-out of the instant action; or

(iv.) Persons employed by Defendant as Auditors, Assistant Team Leaders, Team Leaders or Associate Area Managers, as defined herein, in Oregon between September 20, 2000 and the date of the entry of the Court's Order Granting Preliminary Approval to this settlement, and who did not previously opt-out of the instant action; or

(v.) Persons employed by Defendant as Auditors, Assistant Team Leaders, Team Leaders or Associate Area Managers, as defined herein, in Washington between September 20, 2003 and the date of the entry of the Court's Order Granting Preliminary Approval to this settlement, and who did not previously opt-out of the instant action.

V. "Settlement Expenses" means all expenses associated with administering the settlement, including, but not limited to, the costs of the Claims Administrator, the costs of giving Notice of Settlement, and the costs of disbursing the settlement proceeds.

W. "Settlement Payments" means the amounts to be paid to individual Authorized Claimants.

X. "Team Leader" means a current or former employee of Defendant who held or holds the job title of "team leader" in Defendant's personnel databases.

[THIS SPACE INTENTIONALLY LEFT BLANK]

11
STIPULATION OF SETTLEMENT
Case Nos. 3:06-cv-05778 JCS & 3:07-cv-00032 JCS

The parties enter into this Agreement and agree as follows:

2.2 Scope Of Settlement

The settlement described herein will resolve fully and finally all released claims as described herein.

2.3 Approval Of Settlement

A. The parties will apply for approval of the settlement as described herein.

B. As part of the settlement, Plaintiffs will request Service Awards for the Named Plaintiffs. Defendant agrees not to oppose such a request.

C. Plaintiffs' Attorneys will petition the Court for an award of reasonable attorney's fees and litigation expenses. Defendant agrees not to oppose such a petition.

D. Plaintiffs' Attorney's Fees, Litigation Expenses, and any Service Awards approved by the Court will be paid solely from the Settlement Amount. Plaintiffs' Attorney's Fees will not exceed the amount of their calculated lodestar. In no event will Defendant be required to pay more than the Settlement Amount, except that Defendant will also pay its share of employer payroll taxes associated with payments of back pay to Authorized Claimants pursuant to this Agreement.

E. Should the U.S. District Court for the Northern District of California, or any other court taking jurisdiction of this matter, decline to approve all material aspects of this Agreement or make rulings substantially altering the material terms of this Agreement, except for the awards of Plaintiffs' Attorney's Fees, Litigation Expenses, and Service Awards (each of which will be decided by the Court), Defendant will have no obligation to make any payment pursuant to this Agreement, including payment of any portion of the Settlement Amount.