1   Todd M. Schneider (SBN 158253)
    tschneider@schneiderwallace.com
2   Guy B. Wallace (SBN 176151)
    gwallace@schneiderwallace.com
3   Andrew P. Lee (SBN 245903)
    alee@schneiderwallace.com
4   SCHNEIDER WALLACE
5   COTTRELL BRAYTON KONECKY LLP
    180 Montgomery Street, Suite 2000
6   San Francisco, CA 94104
    Telephone: (415) 421-7100
7   Facsimile: (415) 421-7105

8
    Class Counsel
9

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13
     TRISHA WREN and CYNTHIA PIPER,          Case Nos. 3:06-cv-05778 JCS; 3:07-cv-00032 JCS
14   et al., individually and on behalf of others
     similarly situated,                     CLASS AND COLLECTIVE ACTION
15
                    Plaintiffs,              DECLARATION OF RICHARD M. PEARL IN
16                                           SUPPORT OF PLAINTIFFS'
              vs.                            MOTION FOR AWARD OF REASONBLE
17                                           ATTORNEYS' FEES, COSTS AND EXPENSES
     RGIS Inventory Specialists, LLC, RGIS,
18   LLC, and Does 1-25 Inclusive,           Date:  January 28, 2011
                                             Time:  9:30 a.m.
19                  Defendants.              Dept:  Courtroom A, 15th Floor
                                             Judge:  Hon. Joseph C. Spero
20

21

22

23

24

25

26

27

28

PEARL DECLARATION ISO MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES

**DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF REASONBLE ATTORNEYS' FEES, COSTS AND EXPENSES**

I, Richard M. Pearl, declare as follows:

1.      I am a member in good standing of the Bar of the State of California.  This declaration is submitted in support of Plaintiffs' Motion for Award of Reasonable Attorneys' Fees.

2.      Briefly summarized, my background is as follows:  I am a 1969 graduate of Boalt Hall School of Law, University of California, Berkeley, California.  I took and passed the California Bar Examination in August 1969, but because I was working in Atlanta, Georgia for the Legal Aid Society of Atlanta (LASA), I was not admitted to the California Bar until January 1970. I worked for LASA until summer of 1971, when I then went to work in California's Central Valley for California Rural Legal Assistance, Inc., (CRLA), a statewide legal services program.  From 1977 to 1982, I was CRLA's Director of Litigation, supervising more than fifty attorneys.  In 1982, I went into private practice, first in a small law firm, then as a sole practitioner. Martindale Hubbell rates my law firm "AV." I also have been selected as a Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008, and 2010.   A copy of my Resume is attached hereto as Exhibit A.

3.      Since 1982, my practice has been a general civil litigation and appellate practice, with an emphasis on cases and appeals involving court-awarded attorneys' fees.  I have lectured and written extensively on court-awarded attorneys' fees.  I have been a member of the California State Bar's Attorneys Fees Task Force and have testified before the State Bar Board of Governors and the California Legislature on attorneys' fee issues.  I am the author of California Attorney Fee Awards, (3d ed Cal. CEB 2010).  I also was the author of California Attorney Fee Awards, 2d Ed. (Calif. Cont. Ed. of Bar 1994), and its 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements. This treatise has been cited by the California appellate courts on more than 35 occasions.  *See, e.g., Lolley v. Campbell* (2002) 28 Cal.4[th] 367, 373; *Chacon v. Litke* (2010) 181 Cal.App.4[th] 1234, 1259.  I also authored the 1984, 1985, 1987, 1988, 1990, 1991, 1992, and 1993 Supplements to its predecessor, CEB's California Attorney's Fees Award Practice.  In addition, I authored a federal manual on attorneys' fees entitled Attorneys' Fees:  A Legal Services Practice Manual, published by the Legal Services Corporation.  I also co-authored the chapter on

"Attorney Fees" in Volume 2 of CEB's Wrongful Employment Termination Practice, 2d Ed. (1997).

4.      More than 90% of my practice is devoted to issues involving court-awarded attorney's fees.  I have been counsel in over 150 attorneys' fee applications in state and federal courts, primarily representing other attorneys.  I also have briefed and argued more than 40 appeals, at least 25 of which have involved attorneys' fees issues.  In the past dozen or so years, I have successfully handled four cases in the California Supreme Court involving court-awarded attorneys' fees: 1) *Delaney v. Baker* (1999) 20 Cal.4th 23, which held that heightened remedies, including attorneys' fees, are available in suits against nursing homes under California's Elder Abuse Act; 2) *Ketchum v. Moses* (2001) 24 Cal.4th 1122, which held, *inter alia*, that contingent risk multipliers remain available under California attorney fee law, despite the United States Supreme Court's  contrary ruling on federal law (note that in *Ketchum*, I was primary appellate counsel in the Court of Appeal and "second chair" in the Supreme Court); 3) *Flannery v. Prentice* (2001) 26 Cal.4th 572, which held that in the absence of an agreement to the contrary, statutory attorneys' fees belong to the attorney whose services they are based upon; and 4) *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, which I handled, along with trial counsel, in both the Court of Appeal and Supreme Court.  I also successfully represented the plaintiffs in a previous attorneys' fee decision in the Supreme Court, *Maria P. v. Riles* (1987) 43 Cal.3d 1281, and represented *amicus curiae*, along with Richard Rothschild, in *Vasquez v. State of California* (2009) 45 Cal.4th 243.  I also have handled several Ninth Circuit attorneys' fees matters, including *Davis v. City & County of San Francisco* (9th Cir. 1992) 976 F.2d 1536, *Mangold v. CPUC* (9th Cir. 1995) 67 F.3d 1470, *Velez v. Wynne* (9th Cir. 2007) 2007 U.S.App.LEXIS 2194, and *Camacho v. Bridgeport Financial, Inc.* (9th Cir. 2008) 523 F.3d 973.  For an expanded list of my reported decisions, *see* Exhibit A.

5.      I have been asked by Class Counsel to express my opinion as to the reasonableness of the hourly rates and overall fee award they are requesting in this case. To form this opinion, I have reviewed several documents in the case, including the Declaration of Judge Edward A. Infante (Ret.) in Support of Final Approval, the Declaration of Guy Wallace in Support of Preliminary Approval, the Declaration of Guy B. Wallace in Support of Plaintiffs' Motion for an Award of Reasonable Attorneys Fees, Costs And Expenses, the Declaration of David Borgen on the same subject and

1 | others.

2 |      6.     It is my understanding that Class Counsel request an attorneys' fee award, based on

3 | the lodestar method, of $11.38 million. I also have been informed that: 1) based on the settlement,

4 | the class will recover $13 million, a sum that was negotiated prior to and separately from the fee

5 | amount; 2) the fee requested represents a discount from counsel's full lodestar, based on a

6 | significant exercise of billing judgment; and 3) the class was notified of counsel's intent to seek an

7 | $11.38 million attorneys' fee as part of the settlement, and that no class members have filed

8 | objections to those fees as of the date of this filing.

9 | **COUNSEL'S HOURLY RATES ARE REASONABLE**

10 |      7.     I have been informed of the hourly rates requested by Plaintiffs' counsel, as set forth

11 | in Mr. Wallace's declaration. In formulating my opinion, I have reviewed Plaintiffs' counsel's

12 | qualifications, background, and experience, as well as examples of their work in this case. I also

13 | have worked on several occasions with Guy Wallace, lead counsel for the class, and his firm,

14 | Schneider Wallace Cottrell Brayton Konecky LLP (hereafter "Schneider Wallace"), as well as with

15 | the attorneys at Goldstein, Demchak, Baller, Borgen & Dardarian ("Goldstein Demchak"). I can say

16 | without qualification that Mr. Wallace is one of the best attorneys I have worked with: he is

17 | thorough as to both the facts and the law, tenacious, creative, and an excellent writer. Mr. Borgen

18 | deservedly is viewed as a leading figure in the plaintiffs' wage and hour class action bar. In my

19 | work with other attorneys at Schneider Wallace and Goldstein Demchak, I have always found their

20 | work to be top-rate, as good as any law firm's. In my opinion, therefore, Counsel's requested rates

21 | are within the range of market rates charged by Bay Area attorneys of equivalent experience, skill,

22 | and experience for comparable work in the area of complex, class action litigation.

23 |      8.     Through my writing and practice, I have become familiar with the non-contingent

24 | market rates charged by attorneys in California and elsewhere. This familiarity has been obtained in

25 | several ways: (1) by handling attorneys' fee litigation; (2) by discussing fees with other attorneys;

26 | (3) by obtaining declarations regarding prevailing market rates in cases in which I represent

27 | attorneys seeking fees; and (4) by reviewing attorneys' fee applications and awards in other cases, as

28 | well as surveys and articles on attorney's fees in the legal newspapers and treatises.

---

9.      The information I have gathered, some of which is summarized below, shows that the rates requested by Plaintiffs' counsel are in line with the non-contingent market rates charged by attorneys of reasonably comparable experience, skill, and reputation for reasonably comparable services.

a.      **Rates found reasonable in other cases.**

Set forth below are rates that were found reasonable by the courts in the following cases:

(1)     *Savaglio, et al. v. WalMart,* Alameda County Superior Court No. C-835687-7, Order Granting Class Counsel's Motion for Attorneys' Fees, filed September 10, 2010, a wage and hour class action, in which the court found the following 2010 hourly rates reasonable (before applying a 2.36 multiplier):

| Years of Experience | Rate |
| --- | --- |
| 51 | $875 |
| 39 | 750 |
| 38 | 600 |
| 33 | 775 |
| 25 | 550 |
| 23 | 650 |
| 21 | 625 |
| 19 | 610 |
| 18 | 600 |
| 17 | 585 |
| 16 | 570 |
| 15 | 560 |
| 14 | 550 |
| 13 | 525 |
| 12 | 515 |
| 11 | 510 |
| 10 | 505 |
| 9 | 500 |
| 7 | 460 |
| 4 | 435 |
| Law Clerks | 125-260 |

(2)     *Santa Fe Pointe, L.P. v. Greystone Servicing Corp.* (N.D.Cal. 2009) 2009 U.S.Dist.LEXIS 100448, a business litigation matter, in which the court found the following 2009 hourly rates reasonable:

| Years of Experience | Rate |
|---|---|
| 20 | $675 |
| 2 | 350 |
| 4 | 250 |
| Law Clerks | 150 |

(3)   *Kashmiri et al v. Regents of U.C.*, San Francisco Superior Court, Order Granting Plaintiffs' Motion for Common Fund Attorneys' Fees and Expenses, filed September 30, 2008, an action challenging unlawful student fees, in which the court found the following 2008 rates reasonable (before applying a 3.7 lodestar multiplier):

| Years of Experience | Rate |
|---|---|
| 40 | $750 |
| 22 | 690 |
| 14 | 590 |
| 7 | 420 |
| 4 | 345 |
| 2 | 295 |
| Law Clerks | 200 |
| Paralegals | 195 |

(4)   *Environmental Law Foundation v. Laidlaw Transit, Inc.*, San Francisco Superior Court No. CGC-06-451832, Order Granting Motion for Court Approval of Parties Joint Stipulated Judgment, filed September 22, 2008, an environmental enforcement action, in which the court found the following 2008 hourly rates reasonable in a Proposition 65 action (before applying a 1.25 multiplier):

| Years of Experience | Rate |
|---|---|
| 29 | $750 |
| 26 | 700 |
| 24 | 700 |
| 23 | 650 |
| 18 | 650 |
| 16 | 625 |
| 14 | 600 |
| 10 | 560 |
| 9 | 495-575 |
| 8 | 475 |
| 7 | 450 |
| 6 | 395 |
| 4 | 325 |

|         |         |
|---------|---------|
| 2       | 300     |
| 1       | 250     |
| Paralegals | 145-175 |
| Interns | 125     |

(5)    *Gardner v. Schwarzenegger*, Alameda County Superior Court No. RG06-278911, Order After Hearing filed April 20, 2009, *aff'd by unpublished opinion,* 2010 Cal.App.Unpub.LEXIS 1240, in which the court found the following 2008 rates reasonable (before applying a 1.75 multiplier):

| Years of Experience | Rate |
|---------------------|------|
| 17                  | $640 |
| 14                  | 590  |
| 8                   | 445  |

b.    **Rate Information from Surveys and  Other Cases.**

10.    I have reviewed numerous declarations and depositions filed in other cases, as well as various surveys of legal rates.  For example, a 2009 survey of bankruptcy rates in Delaware and the Southern District of New York show that numerous partners now bill at $1,000 per hour or above. *See Kolzi*, Bankruptcy Rates Top $1,000 Mark in 2008-09, The American Lawyer, Dec. 16, 2009, attached hereto as Exhibit B.  Exhibit B also shows that the *median* partner rates for several national firms, many of which practice in California, range from $690 to $980 per hour.   It is my understanding that firms claiming fees in the bankruptcy courts must attest that their requested rates are no higher than the firm ordinarily charges for comparable non-bankruptcy work.  I also believe that the firms listed above that practice in California charge the same rates for comparable work in California.

11.    Similarly, the Westlaw CourtExpress Legal Billing Reports for May, August, and December 2009 (attached hereto as Exhibit C) shows that attorneys with as little as 19 years' experience are charging $800 per hour or more, and that the rates requested here are well within the range of those reported.  Similarly, the National Law Journal's December 7, 2009, nationwide sampling of law firm billing rates lists 25 firms whose highest rate is $800 per hour or more, 9 firms

---

whose highest rate is $900 per hour or more, and 4 firms whose highest rate is $1,000 per hour or more.

12.    I also have obtained information regarding the standard hourly rates for litigation undertaken on a non-contingent basis by numerous California law firms and national law firms with significant California offices. That information includes hourly rates charged by the following law firms, listed in alphabetical order:

### Adams Broadwell Joseph Cardoza

2010 Rates:

| Years Experience | Rate |
|---|---|
| 29 | $700 |
| 20 | 650 |
| 15 | 550 |
| 11 | 495 |
| 6 | 375 |
| 3 | 300 |
| Paralegals | 145 |

### Altshuler Berzon LLP

2009 Rates:

| Years Experience | Rate |
|---|---|
| 32 | $775 |
| 15 | 625 |
| 8 | 475 |
| Law Clerks | 200 |
| Paralegals | 195 |

2007 Rates:

| Years Experience | Rate |
|---|---|
| 23 | $700 |
| 15 | 550 |
| 5 | 325 |
| Paralegals | 155-190 |

### Bingham McCutchen

2010 Rates:

| Years Experience | Rate |
|---|---|

|     |       |
| --- | ----- |
| 13  | $655  |
| 4   | 480   |
| 2   | 400   |

### Cooley Godward Kronish LLP

2008 Rates:

| Years Experience | Rate    |
| ---------------- | ------- |
| Partners         | $525-980 |
| Associates       | 285-570 |

2007 Rates:

| Years Experience | Rate                      |
| ---------------- | ------------------------- |
| Partners         | $470-875 (average $673)   |
| Associates       | 250-555 (average $403)    |

### Coughlin Stoia Geller Rudman & Robbins, LLP

2007 Rates:

| Years Experience | Rate  |
| ---------------- | ----- |
| 42               | $700  |
| 19               | 600   |
| 14               | 650   |
| 14               | 600   |
| 13               | 585   |
| 11               | 510   |
| 6                | 460   |
| 5                | 285   |

### Duane Morris LLP

2009 Rates:

| Years Experience | Rate     |
| ---------------- | -------- |
| Partners         | $325-795 |
| Associates       | 225-450  |

### Epstein Becker & Green LLP

2009 Rates:

| Years Experience | Rate     |
| ---------------- | -------- |
| Partners         | $350-855 |

| | |
|---|---|
| Associates | 180-475 |

### Everett De Lano

2010 Rates:

| Years Experience | Rate |
|---|---|
| 18 | $650 |

### Fenwick & West

2007 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $500-775 (average $590) |
| Associates | 245-500 (average $370) |

### Furth Firm LLP

2010 Rates:

| Years of Experience | Rate |
|---|---|
| 51 | $875 |
| 39 | 750 |
| 38 | 600 |
| 33 | 775 |
| 25 | 550 |
| 23 | 650 |
| 21 | 625 |
| 19 | 610 |
| 18 | 600 |
| 17 | 585 |
| 16 | 570 |
| 15 | 560 |
| 14 | 550 |
| 13 | 525 |
| 12 | 515 |
| 11 | 510 |
| 10 | 505 |
| 9 | 500 |
| 7 | 460 |
| 4 | 435 |
| Law Clerks | 125-260 |

### Gibson, Dunn & Crutcher LLP

2009 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 26 | $905 |
| 32 | 840 |
| 21 | 785 |
| | |
| Associates | |
| 5 | 525 |
| 4 | 495 |
| 3 | 470 |
| 2 | 400 |
| 1 | 345 |
| Paralegals | 165-300 |

Greines, Martin, Stein & Richland

2010 Rates:

| Years Experience | Rate |
|---|---|
| 39 | $850 |
| 17 | 650 |
| 15 | 500 |
| 8 | 450 |
| 6 | 450 |
| Law Clerks | 100 |

Howard, Rice, Nemerovski, Canady, Falk & Rabkin

2010 Rates:

| Years Experience | Rate |
|---|---|
| 45 | $840 |

2008 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $515-795 |
| Associates | 275-510 |

### Klee, Tuchin, Bogdanoff & Stern LLP

2009 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 35 | $925 |
| 25 | 850 |
| 18 | 675 |
| 14 | 650 |
| 11 | 575 |
| Of Counsel | |
| 11 | 575 |
| Associates | |
| 7 | 495 |
| 5 | 430 |
| 2 | 300 |
| Paralegals | 215 |

### Loeb & Loeb

2009 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $475-950 |
| Associates | 285-450 |

2008 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $450-925 |
| Associates | 260-500 |

Manatt, Phelps & Philips

2009 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $495-850 |
| Associates | 250-505 |

Morrison Foerster

2009 Rates:

| Years Experience | Rate |
|---|---|
| 24 | $750 |

2008 Rates:

| Years Experience | Rate |
|---|---|
| 45 | $675 |
| 36 | 725 |
| 33 | 785 |
| 14 | 650 |
| 12 | 600 |
| 9 | 560 |
| 7 | 535 |
| 5 | 485 |
| 1 | 520 |
| Paralegals | 185-230 |

2007 Rates:

| Years Experience | Rate |
|---|---|
| 44 | $675 |
| 11 | 550 |
| 8 | 520 |
| 6 | 475 |
| 3 | 250 |

O'Melveny & Myers

2009 Rates:

| Years Experience | Rate |
| --- | --- |
| 36-37 | $860-950 |
| 21 | 820 |
| 16-18 | 700-710 |
| 14 | 595-675 |
| 10 | 590 |
| 8 | 565 |
| 7 | 540-565 |
| 5-6 | 480-520 |
| 2-4 | 395-450 |
| Paralegals | 225-310 |

Patton Boggs

2010 Rates:

| Years Experience | Rate |
| --- | --- |
| Partners | |
| 14 | $830 |
| 29 | 750 |
| 20 | 750 |
| 33 | 700 |
| 27 | 700 |
| 13 | 575 |
| 24 | 550 |
| 14 | 530 |
| Of Counsel | |
| 30 | 600 |
| 15 | 500 |
| Associates | |
| 5 | 475 |
| 9 | 450 |
| 7 | 425 |
| 3 | 340 |
| 2 | 315 |
| Senior Paralegals | 200-265 |
| Paralegals | 170 |

Reed Smith

2008 Rates:

| Years Experience | Rate |
| --- | --- |
| Partners | $375-900 (average $626) |
| Associates | 235-580 (average $423) |

Townsend and Townsend and Crew

2009 Rates:

| Years of Experience | Rate |
| --- | --- |
| Partners | $480-750 |
| Associates | 260-460 |

Wilson Sonsini Goodrich & Rosati PC

2010 Rates:

| Years of Experience | Rate |
| --- | --- |
| Partners | $650-975 |
| Associates | 290-610 |
| Paralegals/Litigation Support Staff | 120-300 |

Winston & Strawn

2009 Rates:

| Years of Experience | Rate |
| --- | --- |
| Partners | $400-995 |
| Associates | 210-670 |

Law Offices of Edward Wynne
2009 Rates:

| Years of Experience | Rate |
| --- | --- |
| 17 | $640-675 |

### THE TOTAL FEE REQUEST IS REASONABLE

13.     In my opinion, and based on the assumption that counsel's time records and work product support the number of hours for which compensation is requested, the total attorneys' fees requested by Plaintiffs' attorneys here are eminently reasonable, based on the facts that: 1) counsel's fee request is *less* than counsel's lodestar; 2) the obviously complex nature of this litigation, and the difficulties and obstacles overcome; 3) the significant risks taken by Plaintiffs' counsel, for which no separate compensation has been requested; and 4) the excellent results obtained for the class.

14.     **Counsel's Fee Request Is Less Than Their Lodestar.**  Given that the purpose of the fee-shifting statutes that underlie Plaintiffs' fee request is to *fully compensate* class counsel who are willing to serve as private attorneys general and vindicate the significant employment rights at issue here, and that if counsel were to pursue this case through trial, they would be entitled to such compensation, the fact that they are willing to take less than their full lodestar as a compromise to settle the case bespeaks volumes about the overall reasonableness of Plaintiffs' request.  In many if not most successful wage and hour class actions, class counsel seek -- and are often awarded -- a significant multiplier of their lodestar, sometimes as much as 3 – 4 times that figure; that class counsel here are willing to accept even less than they could have billed to a fee-paying client in my opinion tends to show that the fee request is reasonable.

15.     Moreover, given the relatively low damages recoverable for each class member because of hourly wages in the $10-15 range with relatively small amounts of unpaid time at issue, the fact that the class damages exceed the Plaintiffs' fee request at all is somewhat remarkable; as Plaintiffs' counsel point out, the purpose of the fee-shifting provisions that underlie Plaintiffs' fee request is to encourage counsel to vindicate fundamental employment rights, regardless of the total amount at stake, by guaranteeing full market compensation even if the fees exceed the damages recovered.

16.     **The Complex Nature of this Litigation, and the Difficulties and Obstacles Overcome.**  The obviously complex nature of this litigation, as well as the difficulties and obstacles that Plaintiffs' counsel have overcome, is aptly described in Mr. Wallace's lengthy declaration in

---

1  support of this motion. In my opinion, the facts that: 1) this class action involved an opt-in class

2  action under federal law, as well as claims under the laws of four different states; 2) that class-wide

3  waiting/preparation time claims of this sort are novel and inherently difficult, both as to class

4  certification and liability on the merits; 3) that the class claims were not based on one source, such

5  as a company-wide manual, but the practices in hundreds of different offices; and 4) that the

6  Defendant had the resources to retain skilled counsel who could and did take a highly-aggressive

7  response to the litigation, all support the total fee that Plaintiffs' counsel request.

8    17.    **The Significant Risk Taken by Plaintiffs' Counsel.**  In the legal marketplace,

9  lawyers who assume a significant financial risk on behalf of their clients rightfully expect that their

10  compensation will be significantly greater than it would be if no risk or delay was involved, *i.e.*,

11  under the traditional arrangement where the client is obligated to pay for costs and fees incurred on a

12  monthly basis.  In my experience, attorneys are willing to enter into such contingency fee

13  arrangements only if they can expect to receive significantly higher effective hourly rates in

14  successful cases, particularly in cases that are expected to be hard fought and where the result is

15  uncertain.  As the courts have recognized, such arrangements do not result in any "windfall" or

16  undue "bonus" for the attorney; rather, they are *earned compensation*, reflecting the need for the

17  legal services market to compensate for the risk of non-payment for what can be thousands of hours

18  of time spent and many thousands of dollars in costs and expenses advanced.  Court-awarded fees

19  that reflect that risk of loss simply make such representation competitive in the legal marketplace.

20    18.    As Mr. Wallace's declaration explains, several factors made this case especially high

21  risk, including the difficulties and uncertainties of winning cases like this, both in terms of unsettled

22  wage and hour law and unsettled class certification law.  *First,* the waiting time issues have not been

23  extensively litigated on a class-wide basis, especially with classes as large as this one.  The class

24  certification issues were every bit as difficult and uncertain, as the Court of Appeal's *Brinker*

25  *Restaurant Corp. v. Superior Court* (2008) 80 Cal.Rptr.3d 781, *review granted*, (2008) 85

26  Cal.Rptr.3d 688, so starkly illustrates.  Moreover, the record here that was necessary to obtain class

27  certification and then defeat the Defendant's motions to decertify the class was as extensive, time-

28  consuming, and risky as most trials on the merits.  It is not uncommon for class certification to be

1   denied in such cases, particularly in the face of an all-out assault by the employer as occurred here;

2   had class certification been denied here, either pre-trial or on appeal, counsel's extraordinary

3   investment of time and money into this case would have been lost.

4       19.   *Second*, over a four-year period, Plaintiffs' counsel have spent 20,100 attorney hours

5   and over 13,600 paralegal and legal assistant hours, hours that would have gone uncompensated if

6   this case had been lost or class certification not achieved. Assuming attorneys bill approximately

7   1800 hours a year, this is close to eleven (11) *years* of uncompensated work if this case had not been

8   successful. Plaintiffs' counsel also are out-of-pocket more than $1.9 million for costs and expenses;

9   this money also would have been lost if the case had not been successfully resolved.

10       20.   *Third,* RGIS had more than ample resources to resist suits of this nature. It also had a

11   well-deserved reputation for vigorously resisting employee lawsuits against it, and it has employed

12   highly competent lawyers from preeminent law firms to mount its defenses.

13       21.   *Fourth*, class certification was won, and the merits of the case preserved, only after

14   extensive, hard-fought litigation. Settlement simply was not possible until these victories had been

15   won.  All of these facts show the extraordinary risk taken by Plaintiffs' counsel.

16       22.   I have reviewed extensive evidence of the contingency fee percentages charged by

17   law firms to sophisticated institutional clients in large damage cases.  In my experience, when

18   corporate or government clients hire law firms to litigate large claims on a contingent fee basis,

19   the contracts provide for fees in a range between 10 and 50 percent of the recovery. *See* Fisk,

20   *Corporate Firms Try Contingency*, National Law Journal (Oct. 27, 1997) p. Al.  Based on that

21   knowledge and my experience in the attorneys' fees field generally, it is my opinion that if

22   competent and experienced attorneys and a sophisticated client were to negotiate a contingency

23   fee agreement under the circumstances of this case, a sophisticated client would be more than

24   willing to enter into a retainer agreement for a contingent fee under which: a) the client would owe

25   no fees unless the case was successful; b) the attorneys would pay all litigation expenses; and c)

26   the attorneys would recover, if successful, 42% of the cash fund recovered, and no percentage for

27   the value of any injunctive relief obtained.

28

---

23.    **The Excellent Results Obtained.**  In the legal marketplace, law firms that obtain excellent or exceptional results for their clients can and do expect that those results will be reflected in their fees.   Here, the results obtained are excellent – a $13 million fund that provides virtually full relief to a total class of over 60,000 persons, as well as injunctive relief that will require RGIS finally to conform its policies and practices to federal and state law.  Especially in light of this injunctive relief, which must be valued in the tens of millions of dollars, the fee requested here, which is 42% of the total cash recovery, is perfectly consistent with the percentage of fees to fund recovered that have been approved and awarded in numerous other class actions.

24.    **Encouraging Settlement.**  By settling this case before trial rather than continuing to litigate issues that remain somewhat unsettled, counsel have obtained excellent results for the class at far less expense to the parties, their counsel, and the courts. They also have obtained those results more quickly and surely than if the matter had been litigated to final resolution through the appellate process. This factor also supports counsel's requested fee. *See Lealao v. Beneficial California, Inc.* (2000)  82 Cal.App.4th 19, 52

25.    **The Public Service Performed by Plaintiffs' Counsel.** The public interest served by Plaintiffs' lawsuit also supports the enhancement sought. *See State v. Meyer* (1985) 174 Cal.App.3d 1061, 1073  (the "public service element ... and motivation to represent consumers and enforce laws" may justify lodestar enhancement).  In this case, class counsel have enforced fundamental wage and hour laws against a major nationwide employer.  The fundamental importance of these laws has been repeatedly recognized by the courts, by Congress, and by the state legislatures.  An award of the fees requested here will encourage other attorneys to take on similar cases and deter RGIS and other employers from engaging in similar practices.

26.    **The Continuing Obligations of Counsel to the Class.**  The fee also is reasonable in light of the continuing obligations counsel will have to the more than 60,000 class members.  Those future fees are included within this request, even though they are not included in the lodestar, thus reducing the effective hourly compensation.  Counsel may also have to defend any court approval of the settlement and/or fee award on appeal.

---

27.     The expense and risk of public interest litigation has not diminished over the years; to the contrary, these cases are in many ways more difficult than ever.  As a result, fewer and fewer attorneys and firms are willing to take on such litigation, and the few who are willing to do so can only continue if their fee awards reflect true market value.

28.     To fully compensate attorneys and firms who represent public interest plaintiffs on a contingency basis, attorneys' fee awards must be enhanced by a contingent risk multiplier.  Public interest attorneys assume tremendous financial risk when taking cases on a contingent fee basis, particularly when the case results in protracted litigation causing substantial delay in payment and fronting of litigation expenses.

If called as a witness, I could and would competently testify from my personal knowledge to the facts stated herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _3rd_ day of December, 2010 at Berkeley, California.

RICHARD M. PEARL

---

# EXHIBIT A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-5074 (facsimile)
rpearl@interx.net (e-mail)

### EDUCATION

University of California, Berkeley, B.A., Economics (June 1966)
Boalt Hall School of Law, Berkeley, J.D. (June 1969)

### BAR MEMBERSHIP

Member, State Bar of California (admitted January 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the
United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States
District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the
District of Arizona, and for the Northern District of Georgia; and the Georgia Civil and Superior
Courts and Court of Appeals.

### EMPLOYMENT

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice
("AV" rating), with emphasis on court-awarded attorney's fees, class actions, and appellate
practice.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, Court of
Appeal, First Appellate District (October 2000 to Present).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to Present):
Teach "Public Interest Law Practice," a 2-unit course that focuses on the history, strategies, and
issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation
practice, as described above.

**RICHARD M. PEARL**
Page 2

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time
May 1982 to September 1983):

> Director of Litigation (July 1977 to July 1982)
> Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in
> CRLA's 15 field offices; administered and supervised staff of 4-6 Regional
> Counsel; promulgated litigation policies and procedures for program; participated
> in complex civil litigation.

> Regional Counsel (July 1982 to September 1983 part-time) Responsibilities: Served
> as co-counsel to CRLA field attorneys on complex projects; provided technical
> assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases;
> served as counsel on major litigation.

> Directing Attorney, Cooperative Legal Services Center (February 1974 to July
> 1977) (Staff Attorney February 1974 to October 1975)
> Responsibilities: Served as co-counsel on major litigation with legal services
> attorneys in small legal services offices throughout California; supervised and
> administered staff of four senior legal services attorneys and support staff.

> Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff
> Attorney July 1971 to February 1972)
> Responsibilities: Provided legal representation to low income persons and groups in
> Kern, King, and Tulare Counties; supervised all litigation and administered staff of
> ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program
(August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General
Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and
the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low income persons and groups as part of 36-lawyer legal services
program located in Atlanta, Georgia.

RICHARD M. PEARL
Page 3


## PUBLICATIONS

Pearl, *California Attorney Fee Awards, Third Edition* (Cal. Cont. Ed. Bar 2010)

Pearl, *California Attorney Fee Awards, Second Edition* (Cal. Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006,  2007, and 2008 Supplements

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

Wrongful Employment Termination Practice, Second Edition (Cal. Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

California Attorney's Fees Award Practice (Cal. Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees, prepared as panelist for CEB program on "Attorneys' Fees: Practical and Ethical Considerations in Determining, Billing, and Collecting" (October 1992)

Program materials on "Attorney's Fees in Administrative Proceedings" California Continuing Education of the Bar, prepared as panelist for CEB program on "Effective Representation Before California Administrative Agencies" (October 1986)

Program materials on "Attorney's Fees in Administrative Proceedings" California Continuing Education of the Bar, prepared as panelist for CEB program on "Attorneys' Fees: Practical and Ethical Considerations" (March 1984)

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases*, (September 1985) Los Angeles Lawyer

Program Materials on "Remedies Training" (Class Actions), Sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

RICHARD M. PEARL
Page 4

## PUBLIC SERVICE

Member, Attorneys' Fee Task Force, California State Bar

Vice President, Board of Directors, California Rural Legal Assistance Foundation

## REPRESENTATIVE REPORTED CASES

*Boren v. California Department of Employment*
        (1976) 59 Cal.App.3d 250

*Cabrera v. Martin*
        (9th Cir. 1992) 973 F.2d 735

*Camacho v. Bridgeport Financial, Inc.*
        (9th Cir. 2008) 523 F.3d 973

*Campos v. E.D.D.*
        (1982) 132 Cal.App.3d 961

*Center for Biological Diversity v. County of San Bernardino*
        (2010) ___Cal.App.4th ___

*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
        (1991) 229 Cal.App.3d 633

*David C. v. Leavitt*
        (D. Utah 1995) 900 F.Supp. 1547

*Delaney v. Baker*
        (1999) 10 Cal.4th 23

*Employment Development Dept. v. Superior Court (Boren)*
        (1981) 30 Cal.3d 256

*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
        (N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627

*Flannery v Prentice*
        (2001) 26 Cal. 4th 572

RICHARD M. PEARL
Page 5

**Representative Reported Cases (cont.)**

Graham *v. DaimlerChrysler Corp.*
(2004) 34 Cal. 4th 553

*Horsford v. Board of Trustees of Univ. of Calif.*
(2005) 132 Cal.App.4th 359

*Ketchum v. Moses*
(2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
(1978) 78 Cal.App.3d 951, *cert. denied* (1979)
440 U.S. 951

*Lealao v. Beneficial California, Inc.*
(2000) 82 Cal.App.4th 19

*Lewis v. California Unemployment Insurance Appeals Board*
(1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
(N.D. Cal. 1984) 580 F.Supp. 714,
*aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
(9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
(1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
(N.D. Cal. 1976) 411 F.Supp. 5
*aff'd* (9th Cir. 1977) 573 F.2d 555

*McSomebodies v. Burlingame Elementary School Dist.*
(9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
(9th Cir. 1990) 897 F.2d 975

*Moore v. Bank of America*
(9th Cir. 2007) 2007 U.S. App. LEXIS 19597

RICHARD M. PEARL
Page 6

**Representative Reported Cases (cont.)**

*Moore v. Bank of America*
  (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 904

*Mora v. Chem-Tronics, Inc.*
  (S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752,
  5 Wage & Hour Cas. 2d (BNA) 1122

*Pena v. Superior Court of Kern County*
  (1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
  (E.D. Cal 1975) 389 F.Supp. 635

*Ramirez v. Runyon*
  (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Rubio v. Superior Court*
  (1979) 24 Cal.3d 93 (amicus)

*Sokolow v. County of San Mateo*
  (1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
  (1976) 17 Cal.3d 719 (amicus)

*Tongol v. Usery*
  (9th Cir. 1979) 601 F.2d 1091,
  *on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
  *revs'd* (9th Cir. 1985) 762 F.2d 727

*Tripp v. Swoap*
  (1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
  (N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part*
  *and revs'd in part sub nom Davis v. City and County*
  *of San Francisco* (9th Cir. 1992) 976 F.2d 1536,
  *modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
  (S.D.Cal. 1998) 18 F.Supp.2d 1090

RICHARD M. PEARL
Page 7

Representative Reported Cases (cont.)

*Vasquez v. State of California*
        (2008) 45 Cal.4th 243 (amicus)

*Velez v. Wynne*
        (9th Cir. 2007) 2007 U.S. App. LEXIS 2194

REFERENCES

Furnished upon request.

June 2010

# EXHIBIT B

Font Size: ⊕ ⊖

# Bankruptcy Rates Top $1,000 Mark in 2008-09

Amy Kolz
The American Lawyer
December 16, 2009

Print     Share     Email     Reprints & Permissions     Post a Comment

A review of bankruptcy rates in Delaware and the Southern District of New York shows that a handful of U.S.-based partners at Am Law 200 firms have inched above the $1,000-rate barrier, making bankruptcy work as lucrative as it was plentiful in 2008 and 2009. For a 12-month period ending August 2009, there were more than 13,000 billing rate entries submitted by law firms in the nation's two busiest bankruptcy courts, according to a new database compiled by ALM Media.

Among U.S.-based lawyers at Am Law 200 firms, Shearman & Sterling tax partner Bernie Pistillo topped the rate chart with an hourly fee of $1,095 for his work on the bankruptcy of Stock Building Supply Holdings LLC, a building products supplier, in Delaware. (One solo practitioner in Pleasantville, N.Y., Alan Harris, surpassed Pistillo's rate, charging $1,200 an hour for his work as special real estate litigation counsel on the bankruptcy of Digital Printing Systems in the Southern District of New York.) Eleven other U.S.-based Am Law 200 partners were in the $1,000-plus club, according to the database. Cadwalader, Wickersham & Taft financial restructuring co-chair Deryck Palmer, a former Weil, Gotshal & Manges partner, billed Lyondell Chemical Co. at a rate of $1,050 for work on its 2009 bankruptcy. Greenberg Traurig bankruptcy co-chair Bruce Zirinsky, who left Cadwalader last January, billed $1,050 an hour as debtor's counsel for TH Agriculture and Nutrition LLC, as did White & Case global restructuring head Thomas Lauria for WCI Communities Inc., and Robert Pincus, the head of the corporate practice in Skadden, Arps, Slate, Meagher & Flom's Wilmington office, for Hayes Lemmerz International Inc., an automotive wheel supplier.

Neal Stoll, a Skadden antitrust partner, and Sally Thurston, a Skadden tax partner, billed $1,035 for work on the bankruptcies of VeraSun Energy Corp. and Hayes Lemmerz, respectively, while Latham & Watkins corporate finance chair Kirk Davenport billed at $1,025 an hour for Dayton Superior Corp.'s filing. Paul, Weiss, Rifkind, Wharton & Garrison partners Carl Reisner and Richard Bronstein billed at $1,025 for the Buffets Inc. bankruptcy. (Reisner is co-head of the firm's M&A practice and Bronstein is co-chair of its tax practice.) Simpson Thacher & Bartlett partners Lee Meyerson and litigator Michael Chepiga charged Lehman Brothers $1,000 an hour on the sale of its brokerage to Barclays Bank PLC.

Absent from the $1,000 club are Weil, Gotshal & Manges restructuring gurus Harvey Miller and Marcia Goldstein. Both clocked rates of $950 an hour for their work on the Lehman Brothers and BearingPoint Inc. bankruptcies, respectively. Also, Kirkland & Ellis' James Sprayregen billed $985 an hour for work on the bankruptcies of Lear Corp. and The Reader's Digest Association. And Jones Day partner Corinne Ball charged $900 an hour for her work on Chrysler's filing.

Comparing the median partner rates among Am Law 200 firms in the database demonstrated that there are few bargains when it comes to Chapter 11 work. Among those charging median partner rates of more than $900 an hour were: Cadwalader; Cleary Gottlieb Steen & Hamilton; Davis Polk & Wardwell; Milbank, Tweed, Hadley & McCloy; Paul Weiss; Shearman & Sterling; Simpson Thacher; and Skadden. Firms with median partner billing rates between $800 and $900 were Gibson Dunn, Fried Frank, Latham, Paul Hastings, Weil Gotshal, and White & Case. Firms billing $700 or below were Akin Gump Strauss Hauer & Feld, Kirkland, Sidley Austin, and Sonnenschein Nath & Rosenthal. (Medians can be deceiving, since some firms, such as Kirkland, had a difference of more than $500 between its highest- and lowest-rate partners.)

The bankruptcy case with one of this highest median partner rates was Nortel Networks. The phone equipment maker paid firms such as Cleary and Kirkland a median partner rate of $940. Firms working on the Lehman filing billed a median partner rate of $810 during the time period, while firms working on the filing of Tribune Co. billed a median of $690, according to the database.

Associate rates occasionally topped $700 an hour on bankruptcies including Lehman and Nortel Networks, as well as that of the lesser-known Sportsman's Warehouse. Discovery attorneys, research specialists and benefits consultants sometimes billed between $500 and $800 on cases such as Nortel, Charter Communications and Graphics Properties Holdings Inc.

| FIRM | MEDIAN PARTNER RATE | # PARTNERS FILING |
|---|---|---|
| Simpson Thacher | $980 | 30 |
| Cleary Gottlieb | $960 | 47 |
| Shearman & Sterling | $950 | 17 |
| Davis Polk | $948 | 14 |
| Skadden | $945 | 38 |
| Paul Weiss | $925 | 24 |
| Cadwalader | $900 | 29 |
| Milbank | $900 | 55 |
| Weil Gotshal | $843 | 142 |
| Gibson Dunn | $840 | 29 |
| Fried Frank | $83 | 518 |
| Latham & Watkins | $820 | 57 |
| White & Case | $825 | 21 |
| Paul Hastings | $810 | 46 |
| Sidley Austin | $700 | 99 |
| Akin Gump | $690 | 79 |



Top Stories From Law.com
Legal Technology
 Public Performance in the Digital Age
Corporate Counsel
 'In the Crosshairs': GCs Can Ignore Financial
 Fraud Risks at Their Peril
Small Firm Business
 San Francisco Associate Wins $4 Million in ESPN
 Game



lawjobs.com
TOP JOBS
MATRIMONIAL LITIGATOR
CONFIDENTIAL SEARCH
Great Neck, NY

Associate General Counsel
SallieMae
Reston, VA

MORE JOBS >>
POST A JOB >>

ADVERTISEMENT

Law.com - Bankruptcy Rates Top $1,000 Mark in 2008-09    http://www.law.com/jsp/article.jsp?id=1202436371636&src=EMC...

| | | |
|---|---|---|
| Kirkland | $675 | 149 |
| Sonnenschein | $625 | 47 |

*U.S.-based partners only.

*The American Lawyer* will publish a detailed analysis of the bankruptcy billing rates in its February 2010 issue.

Click here to order the Excel® version of the 2009 Bankruptcy Billing Rates Report.

*This article first appeared on The Am Law Daily blog on AmericanLawyer.com.*

Print    Share    Email    Reprints & Permissions    Post a Comment

About ALM | About Law.com | Customer Support | Reprints | Privacy Policy | Terms & Conditions
Copyright 2009, ALM Media Properties, LLC. All rights reserved.



12/16/2009 9:36 AM

# EXHIBIT C

# Westlaw CourtExpress

## LEGAL BILLING REPORT

VOLUME 11, NUMBER 1

May 2009

## BY BILLING RATE

## California Rate Report

| | PROFESSIONAL | FIRM | GRADUATED | ADMITTED | STATE | RATE | HOURS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| P | Kelly, Jr. Daniel | David Polk & Wardwell (CA) | 1986 | 1986 | CA | $ 990.00 | 4.50 | $ 4,320.00 |
| P | Cowles, Julia | David Polk & Wardwell (CA) | 1990 | 1990 | CA | 955.00 | 17.00 | 16,235.00 |
| P | Dunham, Scott | O'Melveny & Myers LLP (CA) | 1975 | 1975 | CA | 860.00 | 1.10 | 946.00 |
| P | Tuchin, Michael | Klee, Tuchin, Bogdanoff & Stern, LLP | 1990 | 1990 | CA | 850.00 | 0.50 | 425.00 |
| P | Bullock, Karen | Weil, Gotshal & Manges LLP (CA) | 1986 | 1986 | CA | 799.00 | 0.80 | 639.20 |
| P | Arnold, Davide | Gibson Dunn & Crutcher, LLP (CA) | 1975 | 1978 | CA | 790.00 | 4.50 | 3,555.00 |
| OC | Morris, Michael | Heineman Bennett & Dorman LLP | 1979 | 1979 | CA | 760.00 | 65.00 | 49,660.00 |
| P | Averch, Craig | White & Case LLP (CA) | 1984 | 1984 | CA | 750.00 | 128.10 | 96,075.00 |
| P | Krasnoff, Ira D. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1982 | 1982 | CA | 750.00 | 2.90 | 2,175.00 |
| P | Kornfeld, Alan | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1987 | 1987 | CA | 725.00 | 0.80 | 580.00 |
| A | Lamb, Peter | David Polk & Wardwell (CA) | 2005 | 2005 | CA | 660.00 | 191.40 | 88,852.00 |
| P | Irving, Joshua E. | Heineman Bennett & Dorman LLP | 1978 | 1978 | CA | 650.00 | 10.10 | 6,565.00 |
| P | Fatell, Henry | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1985 | 1985 | CA | 675.00 | 19.10 | 12,892.50 |
| A | Goresh, Ronald | White & Case LLP (CA) | 2001 | 2001 | CA | 665.00 | 176.20 | 117,173.00 |
| A | Brown, Kenneth H. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1977 | 1981 | CA | 650.00 | 27.30 | 17,745.00 |
| P | Fisher, David | Klee, Tuchin, Bogdanoff & Stern, LLP | 1997 | 1998 | CA | 650.00 | 23.10 | 15,015.00 |
| P | Weissmann, Henry | Munger Tolles & Olson LLC | 1987 | 1987 | CA | 650.00 | 0.50 | 325.00 |
| P | Bettenfeld, David M. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1989 | 1993 | CA | 645.00 | 35.65 | 22,962.00 |
| P | Montgomery, Cornhead | Gibson Dunn & Crutcher, LLP (CA) | 1997 | 1997 | CA | 635.00 | 0.80 | 508.00 |
| P | Brown, Dennis | Munger Tolles & Olson LLC | 1970 | 1970 | CA | 625.00 | 17.80 | 11,125.00 |
| A | Newman, Samuel | Gibson Dunn & Crutcher, LLP (CA) | 2001 | 2001 | CA | 610.00 | 13.50 | 8,235.00 |
| A | DeFranco, Shiva | White & Case LLP (CA) | 2003 | 2003 | CA | 600.00 | 183.70 | 110,270.00 |
| P | Vincent, Garth | Munger Tolles & Olson LLC | 1988 | 1988 | CA | 600.00 | 124.60 | 74,760.00 |
| A | Soon, Melinda | White A Case LLP (CA) | 2004 | 2004 | CA | 600.00 | 20.90 | 12,540.00 |
| A | Encarnation, Laura | Klee, Tuchin, Bogdanoff & Stern, LLP | 1991 | 1991 | CA | 590.00 | 0.20 | 118.00 |
| A | Gwizdowski-chien, B. | Weil, Gotshal & Manges LLP (CA) | 2003 | 2003 | CA | 580.00 | 28.50 | 16,530.00 |
| P | Eadie, David | Gibson Dunn & Crutcher, LLP (CA) | 2003 | 2003 | CA | 570.00 | 2.50 | 1,832.00 |
| P | Heinz, Jeffrey | Munger Tolles & Olson LLC | 1984 | 1984 | CA | 530.00 | 35.10 | 18,305.00 |
| A | Franco, Justin | Munger Tolles & Olson LLC | 1995 | 1995 | CA | 525.00 | 21.40 | 11,235.00 |
| P | Rutter, James | Heineman Bennett & Dorman LLP (CA) | 1997 | 1997 | CA | 525.00 | 25.80 | 13,545.00 |
| A | Mercer, Joshua | Munger Tolles & Olson LLC | 2000 | 2000 | CA | 505.00 | 13.10 | 6,615.50 |
| A | Maselic, Michael | Weil, Gotshal & Manges LLP (CA) | 2005 | 2005 | CA | 500.00 | 58.50 | 16,250.00 |
| A | Kennedy, Melissa | Gibson Dunn & Crutcher, LLP (CA) | 2008 | 2008 | CA | 470.00 | 14.00 | 6,580.00 |
| A | Liu, Leslie | Weil, Gotshal & Manges LLP (CA) | 2008 | 2008 | CA | 465.00 | 45.90 | 21,343.50 |
| A | Kaufman, Derek | Munger Tolles & Olson LLC | 2005 | 2005 | CA | 460.00 | 508.50 | 224,735.00 |
| A | Hochheiser, Brian | Munger Tolles & Olson LLC | 2002 | 2002 | CA | 435.00 | 0.30 | 130.50 |
| A | Nathan, Joseph | Weil, Gotshal & Manges LLP (CA) | 2007 | 2007 | CA | 415.00 | 26.30 | 10,920.00 |
| A | Jaeger, M. Lance | Munger Tolles & Olson LLC | 2006 | 2006 | CA | 400.00 | 55.20 | 36,480.00 |
| A | Eskandari, Barney | Munger Tolles & Olson LLC | 2006 | 2006 | CA | 400.00 | 8.80 | 3,520.00 |
| A | Fields, Everette E. | O'Melveny & Myers LLP (CA) | 2005 | 2005 | CA | 395.00 | 8.40 | 3,318.00 |

By Billing Rate

California Rate Report

| PROFESSIONAL | FIRM | GRADUATED | ADMITTED | STATE | RATE | HOURS | TOTAL |
|---|---|---|---|---|---|---|---|
| A Schindler, Bradley | Mundel Tellez & Olson LLC | 2004 | 2004 | CA | $ 395.00 | 1.30 | $ 511.50 |
| A Rapton, Matthew | Weil, Gotshal & Manges LLP (CA) | 2008 | 2008 | CA | 355.00 | 13.50 | 4,792.50 |
| A Guzman, Tanya | O'Melveny & Myers LLP (CA) | 2007 | 2007 | CA | 370.00 | 2.50 | 925.00 |
| FP Nacht, Ross | O'Melveny & Myers LLP (CA) | | | | 290.00 | 5.20 | 1,612.00 |
| Firestone, Katha | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 226.00 | 27.60 | 6,216.00 |
| Jeffries, Patricia J. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 225.00 | 0.40 | 90.00 |
| FP Pearson, Sandra | Klee, Tuchin, Bogdanoff & Stern, LLP | | | CA | 215.00 | 1.90 | 408.50 |
| FP Floyd, Kevin | Hanrigan Bennett & Dorman LLP | | | | 210.00 | 0.30 | 63.00 |
| FP Noonic, Cheryl | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 205.00 | 2.20 | 451.00 |
| Chik Pham(e), Sheryle | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 125.00 | 2.60 | 325.00 |

By: Biddy Row

# Westlaw CourtExpress

## LEGAL BILLING REPORT

VOLUME 11, NUMBER 2

August 2009

# BY BILLING RATE

## California rate Report

| | PROFESSIONAL | FIRM | GRADUATED | ADMITTED | STATE | RATE | HOURS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| P | Tolles, Stephen L. | Gibson Dunn & Crutcher, LLP (CA) | 1982 | 1982 | CA | $ 680.00 | 0.10 | $ 86.00 |
| P | Patterson, Thomas | Rice, Tuohie, Bockhardt & Stern, LLP | 1984 | 1984 | CA | 850.00 | 225.00 | 191,250.00 |
| P | Tuohie, Michael | Rice, Tuohie, Bockhardt & Stern, LLP | 1990 | 1990 | CA | 850.00 | 74.40 | 63,240.00 |
| P | Stern, David | Rice, Tuohie, Bockhardt & Stern, LLP | 1975 | 1975 | CA | 850.00 | 32.80 | 27,905.00 |
| P | Isdor, Paul S. | Gibson Dunn & Crutcher, LLP (CA) | 1986 | 1986 | CA | 840.00 | 6.35 | 5,334.00 |
| P | Arnold, Dennis | Gibson Dunn & Crutcher, LLP (CA) | 1975 | 1976 | CA | 840.00 | 4.10 | 3,444.00 |
| P | Timmons, Brian | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1991 | 1991 | CA | 820.00 | 72.80 | 59,696.00 |
| P | Block, Kevin | Weil, Gotshal & Manges LLP (CA) | 1986 | 1986 | CA | 810.00 | 40.40 | 32,724.00 |
| P | Ziehl, Dean A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1978 | 1978 | CA | 795.00 | 20.30 | 16,138.50 |
| P | Gilmore, Danielle | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1993 | 1994 | CA | 775.00 | 9.50 | 7,362.50 |
| P | Averch, Craig | White & Case LLP (CA) | 1984 | 1984 | CA | 750.00 | 189.20 | 141,900.00 |
| P | Keller, Tobias | Jones Day (CA) | 1990 | 1990 | CA | 750.00 | 1.90 | 1,425.00 |
| P | Baker, James | Jones Day (CA) | 1980 | 1980 | CA | 750.00 | 0.20 | 150.00 |
| P | Winston, Eric L. | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1999 | 1999 | CA | 740.00 | 7.10 | 5,254.00 |
| P | Oig, Johanna Y. | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1997 | 1997 | CA | 740.00 | 6.30 | 4,662.00 |
| P | Kornfeld, Alan | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1987 | 1987 | CA | 725.00 | 10.10 | 7,322.50 |
| P | Block, Jeffrey E. | Sidley Austin Brown & Wood LLP (CA) | 1987 | 1988 | CA | 700.00 | 110.90 | 77,630.00 |
| P | Meyers, Martin | Jones Day (CA) | 1987 | 1987 | CA | 700.00 | 26.50 | 18,550.00 |
| A | Grassgreen, Debra I. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1991 | 1992 | CA | 695.00 | 5.50 | 3,822.50 |
| A | Gustafson, Mark E. | White & Case LLP (CA) | 1988 | 1988 | CA | 685.00 | 117.70 | 80,624.50 |
| A | Ansir, Dora | Gibson Dunn & Crutcher, LLP (CA) | 1986 | 1985 | CA | 675.00 | 89.40 | 60,345.00 |
| A | Goodis, Randall | White & Case LLP (CA) | 2001 | 2001 | CA | 665.00 | 221.60 | 147,267.50 |
| P | Montgomery, Cromwell? | Gibson Dunn & Crutcher, LLP (CA) | 1997 | 1997 | CA | 635.00 | 2.50 | 1,587.50 |
| A | Newman, Samuel | Gibson Dunn & Crutcher, LLP (CA) | 2001 | 2001 | CA | 610.00 | 11.50 | 7,015.00 |
| A | Dabiatin, Shiva | White & Case LLP (CA) | 2003 | 2003 | CA | 600.00 | 217.50 | 130,500.00 |
| A | Scott, Michelle | White & Case LLP (CA) | 2004 | 2004 | CA | 600.00 | 74.90 | 44,940.00 |
| A | Tradelia, Robert | Jones Day (CA) | 1996 | 1996 | CA | 600.00 | 55.50 | 33,180.00 |
| OC | Ger Kvong-chen, B. | Weil, Gotshal & Manges LLP (CA) | 2003 | 2003 | CA | 580.00 | 54.20 | 31,436.00 |
| OC | Metcalf, Brian | Rice, Tuohie, Bockhardt & Stern, LLP | 1999 | 1999 | CA | 575.00 | 12.40 | 7,130.00 |
| A | Egoni, David | Gibson Dunn & Crutcher, LLP (CA) | 2003 | 2003 | CA | 565.00 | 0.50 | 285.00 |
| A | Chou, N. | Jones Day (CA) | 1994 | 1994 | CA | 565.00 | 13.30 | 7,514.50 |
| A | Metlin, M. | White & Case LLP (CA) | 2006 | 2006 | CA | 530.00 | 45.80 | 24,190.00 |
| A | Correa, Michaeline | Jones Day (CA) | 2001 | 2001 | CA | 525.00 | 1.70 | 892.50 |
| OC | Brandt, Gina F | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1976 | 1976 | CA | 525.00 | 1.30 | 682.50 |
| A | Melalic, Michael | Weil, Gotshal & Manges LLP (CA) | 2005 | 2005 | CA | 500.00 | 175.30 | 87,650.00 |
| A | Rodriguez, Nora | Jones Day (CA) | 2003 | 2003 | CA | 500.00 | 41.60 | 20,800.00 |
| A | Hays, Matthew | Rice, Tuohie, Bockhardt & Stern, LLP | 2003 | 2003 | CA | 495.00 | 111.80 | 55,341.00 |
| A | Barshop, Melissa | Gibson Dunn & Crutcher, LLP (CA) | 2006 | 2006 | CA | 470.00 | 4.10 | 1,927.00 |
| A | Liu, Leslie | Weil, Gotshal & Manges LLP (CA) | 2006 | 2006 | CA | 485.00 | 302.70 | 146,755.50 |
| A | Choi, Sehyul | White & Case LLP (CA) | 2003 | 2008 | CA | 460.00 | 162.10 | 74,566.00 |

By Billing Rate

California rate Report

| PROFESSIONAL | FIRM | GRADUATED | ADMITTED | STATE | RATE | HOURS | TOTAL |
|---|---|---|---|---|---|---|---|
| A Morrison, Kelley M | White & Case LLP (CA) | 2006 | 2008 | CA | $ 460.00 | 105.50 | $ 48,530.00 |
| A Flavin, Jonathan | White & Case LLP (CA) | 2007 | 2007 | CA | 460.00 | 20.30 | 9,338.00 |
| P Phillip, Laurence | McKenna Long & Aldridge LLP (CA) | 1997 | 1997 | CA | 450.00 | 15.00 | 6,750.00 |
| P Larsen, J David | McKenna Long & Aldridge LLP (CA) | 1997 | 1997 | CA | 450.00 | 10.00 | 4,500.00 |
| A Guess, David | Klee, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | 430.00 | 366.70 | 157,681.00 |
| A Pozmantier, Courtney | Klee, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | 430.00 | 23.20 | 9,976.00 |
| A Dickerson, Matthew | Sidley Austin Brown & Wood LLP (CA) | 2007 | 2007 | CA | 425.00 | 25.30 | 10,752.50 |
| A Tran, William | Sidley Austin Brown & Wood LLP (CA) | 2006 | 2006 | CA | 425.00 | 5.40 | 2,295.00 |
| A Nathan, Joseph | Weil, Gotshal & Manges LLP (CA) | 2007 | 2007 | CA | 415.00 | 61.50 | 25,522.50 |
| A Watson, Lona S. | Gibson Dunn & Crutcher LLP (CA) | 2008 | 2008 | CA | 400.00 | 4.00 | 1,600.00 |
| A Simacek, Adela | Sidley Austin Brown & Wood LLP (CA) | 2008 | 2009 | CA | 375.00 | 49.30 | 18,487.50 |
| A Oberlton, Kevin | Klee, Tuchin, Bogdanoff & Stern, LLP | 2008 | 2008 | CA | 300.00 | 4.70 | 1,410.00 |
| A Elliot, Kara | Klee, Tuchin, Bogdanoff & Stern, LLP | 2008 | 2008 | CA | 300.00 | 2.10 | 630.00 |
| UB Forrester, Leslie A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 250.00 | 4.90 | 1,225.00 |
| PP Harris, Dustin A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 275.00 | 6.50 | 1,912.50 |
| PP Grossfeld, Michele | McKenna Long & Aldridge LLP (CA) | | | | 215.00 | 40.60 | 8,729.00 |
| PP Pearson, Sandra | Klee, Tuchin, Bogdanoff & Stern, LLP | | | CA | 215.00 | 36.00 | 7,740.00 |
| PP Brown, Thomas J. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 195.00 | 2.00 | 390.00 |
| UB Jones, Carla H. | Gibson Dunn & Crutcher LLP (CA) | | | | 165.00 | 0.50 | 82.50 |

# Westlaw CourtExpress

## LEGAL BILLING REPORT

VOLUME 11, NUMBER 3

December 2009

# BY BILLING RATE

# California Rate Report

| | PROFESSIONAL | FIRM | GRADUATED | ADMITTED | STATE | RATE | HOURS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| P | Pachulski, Richard M. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1974 | 1979 | CA | $ 885.00 | 267.52 | $ 257,419.99 |
| P | Patterson, Thomas | Kles, Tuchin, Bogdanoff & Stern, LLP | 1984 | 1984 | CA | 850.00 | 392.60 | 333,710.00 |
| P | Tuchin, Michael | Kles, Tuchin, Bogdanoff & Stern, LLP | 1990 | 1990 | CA | 850.00 | 201.40 | 171,190.00 |
| P | Stern, David | Kles, Tuchin, Bogdanoff & Stern, LLP | 1975 | 1975 | CA | 850.00 | 68.80 | 58,480.00 |
| P | Pachulski, Richard M. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1979 | 1979 | CA | 850.00 | 68.00 | 57,800.00 |
| P | Arnold, Dennis | Gibson Dunn & Crutcher, LLP (CA) | 1975 | 1976 | CA | 840.00 | 1.00 | 840.00 |
| P | Ziehl, Dean A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1976 | 1978 | CA | 825.00 | 256.25 | 211,406.25 |
| P | Thornton, Brian | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1991 | 1991 | CA | 820.00 | 240.60 | 197,292.00 |
| P | Lyons, Diane | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1986 | 1986 | CA | 820.00 | 80.20 | 65,764.00 |
| P | Cand, Robert B. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1981 | 1981 | CA | 795.00 | 357.30 | 284,053.50 |
| P | Richards, Jeremy | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1980 | 1981 | CA | 795.00 | 158.50 | 126,007.50 |
| P | Ziehl, Dean A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1976 | 1978 | CA | 795.00 | 94.00 | 74,730.00 |
| P | Ziehl, Dean A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1976 | 1978 | CA | 785.00 | 20.30 | 16,335.50 |
| P | Weston, Eric D. | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1989 | 1989 | CA | 740.00 | 54.00 | 39,960.00 |
| P | Ong, Johanna Y. | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 1997 | 1997 | CA | 740.00 | 11.20 | 8,288.00 |
| P | Kornfeld, Alan | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1983 | 1987 | CA | 725.00 | 10.10 | 7,322.50 |
| P | Grassgreen, Debra L. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1991 | 1992 | CA | 695.00 | 5.50 | 3,822.50 |
| C | LeFevre, Andrew | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1983 | 1983 | CA | 695.00 | 3.40 | 2,363.00 |
| P | Parker, Daryl | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1966 | 1970 | CA | 675.00 | 60.80 | 41,040.00 |
| P | Mahoney, James | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1968 | 1987 | CA | 675.00 | 16.80 | 11,265.00 |
| P | Anish, Dora | Gibson Dunn & Crutcher, LLP (CA) | 1995 | 1995 | CA | 675.00 | 14.80 | 9,990.00 |
| P | Eppolito, Ryan | Kles, Tuchin, Bogdanoff & Stern, LLP | 1985 | 1985 | CA | 650.00 | 14.40 | 9,360.00 |
| A | Hazelton, Samuel | Gibson Dunn & Crutcher, LLP (CA) | 2001 | 2001 | CA | 610.00 | 3.70 | 2,257.00 |
| C | Heckman, Henry | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1987 | 1987 | CA | 585.00 | 120.00 | 69,976.00 |
| A | Newmark, Victoria | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1996 | 1997 | CA | 585.00 | 32.50 | 19,012.50 |
| C | Cho, Shirley | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1997 | 1997 | CA | 575.00 | 19.90 | 11,442.50 |
| C | Hochman, Henry | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1987 | 1987 | CA | 575.00 | 57.60 | 33,120.00 |
| A | Dirkshman, Jennifer | Kles, Tuchin, Bogdanoff & Stern, LLP | 1999 | 1998 | CA | 575.00 | 1.40 | 805.00 |
| OC | Metcalf, Brian | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1999 | 1999 | CA | 575.00 | 0.70 | 402.50 |
| OC | Brandt, Gina F. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1978 | 1978 | CA | 525.00 | 1.40 | 529.00 |
| P | Fiero, Matthew | Kles, Tuchin, Bogdanoff & Stern, LLP | 2003 | 2003 | CA | 495.00 | 109.70 | 54,301.50 |
| P | Brown, Gillian | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | 1988 | 1988 | CA | 495.00 | 0.50 | 247.50 |
| A | Barstow, Melissa | Gibson Dunn & Crutcher, LLP (CA) | 2006 | 2006 | CA | 470.00 | 2.10 | 987.00 |
| A | Caraballo, Andres | Kles, Tuchin, Bogdanoff & Stern, LLP | 2006 | 2006 | CA | 460.00 | 9.60 | 4,255.00 |
| P | Philip, Laurence | Mckeona Long & Aldridge LLP (CA) | 1987 | 1987 | CA | 450.00 | 2.70 | 1,215.00 |
| A | Guess, David | Kles, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | 430.00 | 402.90 | 173,247.00 |
| PP | Salas, Joseph C | Quinn Emanuel Urquhart Oliver & Hedges, LLP | | | | 380.00 | 4.60 | 1,748.00 |
| PP | Elliot, John | Kles, Tuchin, Bogdanoff & Stern, LLP | | | | 380.00 | | |
| PP | Leonida, Virginia | Quinn Emanuel Urquhart Oliver & Hedges, LLP | 2008 | 2008 | CA | 250.00 | 20.30 | 5,075.00 |
| LH | Forrester, Leslie A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 250.00 | 4.90 | 1,225.00 |

by Billing Rate

# California Rate Report

| PROFESSIONAL | FIRM | GRADUATED | ADMITTED | STATE | RATE | HOURS | TOTAL |
|---|---|---|---|---|---|---|---|
| LB Forrister, Leslie A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | $ 250.00 | 1.80 | $ 450.00 |
| PP Harris, Denise A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 225.00 | 47.90 | 10,777.50 |
| PP Harris, Denise A. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 225.00 | 8.50 | 1,912.50 |
| PP Harbison, Felice | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 225.00 | 0.40 | 90.00 |
| PP Grycner, Michelle | McKenna Long & Aldridge LLP (CA) | | | | 215.00 | 60.40 | 12,986.00 |
| PP Patzklos, Sandra | Klehr, Harrison, Bogdanoff & Stern, LLP | | | | 215.00 | 52.40 | 11,266.00 |
| PP Brown, Thomas J. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 195.00 | 59.75 | 11,651.25 |
| PP Manzo, Mike | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 195.00 | 6.00 | 1,170.00 |
| PP Brown, Thomas J. | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 195.00 | 2.00 | 390.00 |
| LS Eversham, Christine | McKenna Long & Aldridge LLP (CA) | | | | 180.00 | 3.00 | 540.00 |
| PP Sohn, Andrew | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 150.00 | 16.90 | 2,535.00 |
| PP Bates, John | Pachulski Stang Ziehl Young Jones & Weintraub (CA) | | | | 150.00 | 0.80 | 120.00 |