| | |
|---|---|
| Todd M. Schneider (SBN 158253)<br>Guy B. Wallace (SBN 176151)<br>Andrew P. Lee (SBN 245903)<br>SCHNEIDER WALLACE COTTRELL<br>    BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone:    (415) 421-7100<br>Facsimile:     (415) 421-7105<br>tschneider@schneiderwallace.com<br>gwallace@schneiderwallace.com<br><br>Attorneys for plaintiffs Trisha Wren and Cynthia Piper, *et al.*<br><br>[Additional counsel appear on next page] | Catherine A. Conway (SBN 98366)<br>AKIN GUMP STRAUSS HAUER &<br>    FELD LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone:    (310) 229-1000<br>Facsimile:     (310) 229-1001<br>cconway@akingump.com<br><br>Joel M. Cohn (*pro hac vice*)<br>Michael S. McIntosh (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER &<br>    FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>Telephone:    (202) 887-4000<br>Facsimile:     (202) 887-4288<br>jcohn@akingump.com<br>mmcintosh@akingump.com<br><br>Attorneys for RGIS, LLC (erroneously sued as RGIS Inventory Specialists, Inc.) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA WREN and CYNTHIA PIPER, et al., individually and behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RGIS Inventory Specialists, LLC, RGIS, LLC, Does 1-25 Inclusive,<br><br>Defendants. | Case Nos.:  3:06-cv-05778 JCS<br>                   3:07-cv-00032 JCS<br><br>STIPULATION AND [~~PROPOSED~~] ORDER AUTHORIZING MAILING OF NOTICE OF CLASS ACTION SETTLEMENT TO ADDITIONAL OPT-IN PLAINTIFFS<br><br>Judge: Hon. Joseph C. Spero |

Additional counsel:

David Borgen (SBN 099354)
dborgen@gdblegal.com
James Kan (SBN 240749)
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Telephone:  (510) 763-9800
Facsimile:  (510) 835-1417


Peter Schneider, *pro hac vice*
pschneider@gsnlaw.com
Keith Grady, *pro hac vice*
kgrady@gsnlaw.com
GRADY SCHNEIDER, LLP
801 Congress, Suite 400
Houston, TX  77002
Telephone:  (713) 228-2200
Facsimile:  (713) 228-2210


Jose R. Mata (SBN 83724)
jmata@wagelawyer.com
BAILEY PINNEY PC
12204 SE Mill Plain Boulevard, Suite 100,
Vancouver, Washington 98684
Telephone:  (360) 567-2551
Facsimile:  (360) 567-3331

# STIPULATION

WHEREAS the parties have submitted a proposed class settlement in the above-captioned matter;

WHEREAS the Court granted preliminary approval of that proposed class settlement on September 16, 2010;

WHEREAS the Court held a tentative final approval hearing on the parties' proposed class settlement on January 28, 2011;

WHEREAS the Court is scheduled to hold a final approval hearing on the parties' proposed class settlement on March 25, 2011;

WHEREAS the settlement administrator in this action, Rust Consulting, Inc., has already mailed over 64,000 notices of class action settlement to settlement class action members;

## I. PREVIOUSLY UNIDENTIFIED OPT-INS

WHEREAS there have been a number of individuals throughout this litigation who submitted written opt-in forms pursuant to 29 U.S.C. § 216(b) consenting to participate in plaintiffs' Fair Labor Standards Act (FLSA) claims as party plaintiffs, but whom defendant was previously unable to positively identify in its databases;

WHEREAS these putative opt-in plaintiffs who defendant could not positively identify in its databases were not previously mailed notice of the proposed class action settlement in this action;

WHEREAS the parties desire to ensure that as many opt-ins as possible are given an opportunity to participate in the proposed settlement;

WHEREAS over the course of the last several weeks defendant has undertaken a comprehensive manual review of the available information for all of the thousands of individuals who submitted consent forms in this action in order to positively match as many of them as possible with individuals in its databases;

WHEREAS, as a result of this comprehensive review, defendant has been able to successfully identify 538 opt-in plaintiffs who did not previously receive notice of the

proposed class settlement in this action, either because defendant was not previously able to identify those individuals in its databases, because defendant previously misidentified the individual, or because the individual submitted a consent form prior to the Court-supervised notice process and was inadvertently omitted from earlier settlement class member lists;

WHEREAS, if these 538 individuals are mailed notice of the class action settlement by Friday, February 18, 2011, they will have sufficient time under the parties' settlement agreement, and the Court's September 16, 2010 order granting preliminary approval to that settlement agreement, to object to the settlement or request exclusion from it prior to the scheduled March 25, 2011, final approval hearing.

## II. OPT-INS FROM SETTLEMENT CLASS MEMBER LIST WITH NO ACTIVITY DURING THE FLSA LIMITATIONS PERIOD

WHEREAS on October 15, 2010, pursuant to the parties' settlement agreement, defendant provided plaintiffs' and the claims administrator with a settlement class member list;

WHEREAS the October 15, 2010 settlement class member lists contain entries for 369 opt-in plaintiffs, which defendant identified as individuals who had "[n]o activity within [the] limitations period";

WHEREAS the cover letter from defendant to plaintiffs that accompanied the October 15, 2010 settlement class member list explained that this designation indicated that the corresponding opt-ins did not work during the maximum FLSA limitations period and, accordingly, time and payroll data had not been previously produced for those individuals;

WHEREAS the parties recently discovered that no notice of class settlement had been sent to these 369 individuals;

WHEREAS these 369 individuals, as opt-ins, are members of the settlement class, but because they did not work any shifts in a covered position during the maximum FLSA limitations period they are not entitled to a monetary award under the parties'

settlement agreement;

WHEREAS the parties' agree that these 369 individuals should receive the same type of alternative notice of class settlement sent to other opt-ins who plaintiffs' previously determined did not work any shifts in a covered position during the applicable limitations period, informing them of: (i) their membership in the settlement class, (ii) their opportunity to present proof to class counsel establishing that they are, in fact, entitled to a settlement award, (iii) their right to object to the settlement; and (iv) their right to request exclusion from the settlement;

WHEREAS, if these 369 individuals are mailed notice of the class action settlement by Friday, February 18, 2011, they will have sufficient time under the parties' settlement agreement, and the Court's September 16, 2010 order granting preliminary approval to that settlement agreement, to contact class counsel to present proof that they did work in a covered position during the limitations period, object to the settlement, or request exclusion from it, prior to the scheduled March 25, 2011, final approval hearing.

It is HEREBY STIPULATED by the parties, by and through their counsel of record, that, subject to the Court's agreement, that:

1. The settlement administrator, Rust Consulting, Inc., should mail notice of the proposed class settlement to the 907 individuals discussed above by no later than this Friday, February 18, 2011;

2. Notice of the proposed class settlement should be mailed to the 538 individuals discussed in Part I above in the form previously approved by the Court on January 14, 2011 [dkt. no. 908; *see also* dkt. no. 907, ex. A], which provides an estimated average award in lieu of individualized estimate; and

3. Notice of the proposed class settlement should be mailed to the 369 individuals discussed in Part II above in the alternative form previously approved by the Court on January 3, 2011 [dkt. no. 904; *see also* dkt. no. 900-1, ex. 8], which explains that records indicate that the intended recipient previously submitted an opt-in consent

form, but that the available time and payroll data indicate that the individual is not entitled to an award under the settlement agreement.

    IT IS SO STIPULATED.

Dated: February 16, 2011    SCHNEIDER WALLACE
                                       COTTRELL BRAYTON
                                       KONECKY LLP

                                       By: _____*/s/ Andrew P. Lee*_____
                                       ANDREW P. LEE
                                       Attorneys for Plaintiffs

Dated: February 16, 2011    AKIN GUMP STRAUSS HAUER &
                                       FELD, LLP

                                       By: _____*/s/ Michael S. McIntosh*_____
                                       MICHAEL S. MCINTOSH
                                       Attorneys for Defendants

## [~~PROPOSED~~] ORDER

    The Court, having reviewed the parties' stipulation, and good cause appearing, hereby orders that notice of the proposed class action settlement in this action be mailed, in the forms previously approved by the Court on January 3 and 14, 2011, to the 907 opt-in plaintiffs discussed above in the parties' stipulation. Such notice shall be sent to the potential settlement class members at issue as soon as possible, and by no later than February 18, 2011.

    IT IS SO ORDERED

Dated: February _17_, 2011

                                         _____
                                       HON. JOSEPH C. SPERO
                                       United States Magistrate Judge