UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA WREN, *et al*., | No. C-06-05778 JCS |
| Plaintiffs, | **SUPPLEMENTAL ORDER RE: PLAINTIFFS' MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES [Docket No. 909]** |
| v. | |
| RGIS INVENTORY SPECIALISTS, | |
| Defendant. | |

## I. INTRODUCTION

On April 1, 2011, the Court issued its Order granting Plaintiffs' Motion for Final Approval of Class Action Settlement and granting Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses. Docket No. 932. With respect to Plaintiffs' request for an award of costs and expenses incurred by the law firms of Goldstein, Demchak, Baller, Borgen & Dardarian, Grady Schneider, and Bailey Pinney, because the materials the firms submitted in support of their requests were insufficient to enable the Court to assess the reasonableness of the costs incurred, the Court reserved ruling on Plaintiffs' request as to these firms and ordered counsel to file supplemental materials itemizing and documenting their expenditures. Concurrently, the Court reserved $355,169.41 from the Settlement Amount, which represented the total amount of costs requested for these firms.

In compliance with the Court's Order, counsel from each of the firms filed supplemental declarations and exhibits addressing the Court's specific concerns set forth in the Order. After carefully reviewing counsel's supplemental materials, the Court now **GRANTS** Plaintiffs' request for an award of litigation costs and expenses to Grady Schneider, Goldstein Demchak, and Bailey Pinney.

## II. ANALYSIS

### A. Grady Schneider

In their Motion for an Award of Attorneys' Fees and Costs, Plaintiffs requested that the Court award $223,742.02 to Grady Schneider for costs and expenses it incurred in prosecuting Plaintiffs' lawsuit. *See* Motion at 34, Docket No. 871 (citing Declaration of Peter B. Schneider ¶ 36, Docket No. 881). In its prior Order, the Court noted that while Ms. Schneider referred to an itemization of the firm's litigation costs and receipts and invoices, these documents were not filed as part of the record. *See* Order at 43. Accordingly, the Court directed Plaintiffs to file the itemization, along with receipts and invoices. *Id.*

On April 8, 2011, Mr. Schneider filed an Amended Declaration indicating that Grady Schneider incurred $217,323.64 in litigation-related costs and expenses.[1] Amended Declaration of Peter B. Schneider ¶ 36, Docket No. 934. In support of this figure, Mr. Schneider has proffered an itemized statement of all costs Grady Schneider advanced during the lawsuit and has attached copies of invoices and receipts substantiating these expenditures. *See* Ex. A. to Amend. Schneider Decl., Docket Nos. 934, 935, 936.

The Court has reviewed the expenses documented, which consist of costs for copying, mailing, computer research, expert witness fees, travel, lodging, and transportation, and finds that these expenses were reasonably incurred and are of the type normally billed to and paid for by the client in this type of case. *See, e.g., In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007); *Weitzke v. Costar Realty Information, Inc.*, 2011 WL 817438, at *7 (S.D. Cal. March 2, 2011). Accordingly, the Court **GRANTS** Plaintiffs' request for an award of $217,323.64 in costs and expenses to Grady Schneider.

### B. Goldstein, Demchak, Baller, Borgen & Dardarian

In their Motion, Plaintiffs previously requested that the Court award Goldstein Demchak $24,000 for costs and expenses. *See* Motion at 43 (citing Declaration of David Borgen ¶ 52 & Ex. 4,

---

[1] Mr. Schneider's Amended Declaration does not explain the $6,414.38 difference in the amount previously requested ($223,742.02) and the amount currently requested ($217,323.64).

1  Docket No. 873).  In its April 1, 2011 Order, the Court noted that Mr. Borgen had submitted an
2  itemization setting forth both the categories of expenses the firm incurred and the total amount paid
3  for each category.  *See* Order at 43.  However, because there was no documentation of the expenses
4  in the record, the Court was unable to complete its review of the expenditures.  It therefore directed
5  Plaintiffs to file documentation of the expenses outlined in Exhibit 4 to Mr. Borgen's Declaration.
6  *Id*.

7  On April 8, 2011, Mr. Borgen filed a Supplemental Declaration and submitted invoices and
8  receipts substantiating the expenses as an exhibit.  Supplemental Declaration of David Borgen,
9  Docket No. 937 & Exs. 1, 2.  The Court has reviewed the itemization and supporting receipts, which
10 document expenses for copying, court reporting, facsimiles, filing fees, mailings, computer research,
11 mediation, telephone costs, and travel expenses.  The Court finds that the costs and expenses
12 Goldstein Demchak incurred were reasonable and recoverable.  Accordingly, the Court **GRANTS**
13 Plaintiffs' request for an award of $24,000 in costs and expenses to Goldstein Demchak.

14  **C.    Bailey Pinney**

15  In their Motion, Plaintiffs requested an award of $107,427.39 for costs and expenses Bailey
16 Pinney incurred in this litigation.  *See* Motion at 34 (citing Declaration of J. Dana Pinney ¶ 20 & Ex.
17 B, Docket No. 880).  In considering this request, the Court noted that Mr. Pinney had submitted a
18 list of expenditures and copies of receipts and invoices.  *See* Order at 44.  Mr. Pinney's itemization,
19 however, did not include any description of the expenses or a categorical breakdown with totals.  To
20 assist the Court in its review, it directed Plaintiffs to file a supplemental itemization with this
21 information.

22  On April 8, 2011, Mr. Pinney filed Supplemental Declaration wherein he sets forth the costs
23 and fees incurred by category, including the total fees incurred for the opt-in mailing, expert fees,
24 travel expenses, transcripts, mediation, filing fees, and investigative services.  Supplemental
25 Declaration of J. Dana Pinney, Docket Nos. 938, 939-1 (Corrected).  The Court has reviewed the
26 materials submitted and finds the costs Bailey Pinney incurred to be reasonable.  The Court therefore
27 **GRANTS** Plaintiffs' request for an award of $107,427.39 to Bailey Pinney.
28

### III. CONCLUSION

In sum, the Court **GRANTS** Plaintiffs' request for an award of litigation costs and expenses as follows. The Court awards Grady Schneider $217,323.64 in costs and expenses. The Court awards Goldstein Demchak $24,000 in costs and expenses. The Court awards Bailey Pinney $107,427.39 for costs and expenses. Pursuant to the terms of the Settlement Agreement, the remaining $6,418.38 previously reserved from the Settlement Amount shall be included the Settlement Payment distributed to Authorized Claimants. *See* Settlement Agreement ¶ 2.12.F, Docket No. 912-2.

IT IS SO ORDERED.

Dated: May 13, 2011

JOSEPH C. SPERO
United States Magistrate Judge

4